## GOODGION v. GILREATH.

1. No action lies against a sheriff for money, rightfully in his hands, applied by him to an execution against the party to whom the money belonged, even though the execution was void by reason of matters unknown to the sheriff. *Bragg* v. *Thompson*, 19 S. C., 572, approved and followed.
2. The sheriff is justified in applying to an execution in his office money in his hands belonging to a defendant in such execution, even though the Christian name or initials of such defendant are not set out in the execution or in the transcript of judgment upon which it issued.

Before Norton, J., Greenville, April, 1889.

Action by Fannie A. Goodgion against P. D. Gilreath, sheriff, commenced in a trial justice's court on May 23, 1888. The appeal came to this court from the following judgment rendered by the Circuit Judge :

The plaintiff is, and was at the times hereinafter mentioned, a married woman. She was sued in trial justice's court as a partner in a firm styled Goodgion & Latimers. The names of the alleged partners were stated in the summons, and it was personally served on each. In the judgment entered on the transcript of judgment, the defendants are not severally named, but are styled simply Goodgion & Latimers, and so in the execution lodged with the sheriff. Plaintiff subsequently lodged an execution in her favor against John D. Sullivan, on which the sheriff collected for her $40.50. Instead of paying this sum to her, he applied it to the execution in his office against Goodgion & Latimers, and thereupon plaintiff sued the sheriff, the present defendant, alleging that the judgment to which defendant applied the money was not binding on her, because she was a married woman, as matter of fact was not, and as matter of law had no power to become, a member of the firm of Goodgion & Latimers.

These positions are untenable. The judgment may have been erroneous in both particulars, as it manifestly was in the latter. Error might have been corrected by appeal. It cannot be by a collateral attack. The trial justice had jurisdiction of the person and of the subject. Plaintiff further alleges that the execu-

tion is a nullity, because her name nowhere appears in it or the judgment on which it is founded. This is held to be a mere irregularity. Freeman on Judgments, § 50. Irregular executions protect the officer who executes them.

It is ordered and adjudged, that the appeal be dismissed, and the judgment of the trial justice be affirmed.

Plaintiff appealed upon the following grounds: 1. Because it was the legal duty of the defendant, as sheriff, to pay over to the plaintiff the money collected by him in the case of Fannie A. Goodgion *v.* John D. Sullivan, she being a married woman, and the said money being her separate property, and because his honor, the presiding judge, erred in holding otherwise. 2. Because the sheriff, defendant, had no legal right to apply the said moneys to the alleged judgment of F. M. Davenport *v.* Goodgion & Latimers. (a) Because before and at the time of the making of this contract, upon which said judgment is founded, this plaintiff was and still is a married woman, and because she had no part in making said contract. (b) Because said alleged judgment purports to be entered against a copartnership, of which this plaintiff is alleged to be a member. That, as matter of fact, this plaintiff was never, at any time, a member of said firm, and, as matter of law, she could not be a member of a copartnership, being a married woman; for which reason, as to this plaintiff, the said judgment of F. M. Davenport *v.* Goodgion & Latimers, and the execution issued thereon, are nullities and utterly null and void; and (c) Because the name of Fannie A. Goodgion nowhere appears upon the transcript of judgment issued by the trial justice and filed in the office of the clerk of the Circuit Court, nor upon the execution issued thereon, in the case of F. M. Davenport *v.* Goodgion & Latimers, to which the moneys of Fannie A. Goodgion were applied by the sheriff, defendant. And because his honor, the presiding judge, erred in sustaining said judgment as to Fannie A. Goodgion, and holding that said defects were mere irregularities, and that said judgment could not be collaterally attacked.

*Mr. Isaac M. Bryan,* for appellant.

*Messrs. Perry & Heyward,* contra.

March 26, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The appellant brought the action below against the sheriff of Greenville County under the following circumstances : a judgment had been obtained against the appellant and two others, the Latimers, in an action on a note signed by "Goodgion & Latimers," alleged to have been given as partners, the appellant being one, as alleged.   This was before a trial justice, before whom the appellant appeared, interposing the defence that she was not a partner.   Upon the evidence the trial justice gave judgment for $73.35.   It also appeared at the trial from the testimony that the appellant was a married woman at the time the note was given, but the defence relied on was the denial of the partnership.   A transcript of the judgment was filed in the clerk's office of the county and execution issued. This transcript and the execution were both entitled against "Goodgion & Latimers," the full names being omitted.   While these papers were on file in the proper offices, the appellant obtained a judgment against one Jno. D. Sullivan, for the rental of certain lands belonging to her as a separate estate.   Upon execution on this judgment the sheriff collected certain moneys which he applied ($40.50) to the execution against "Goodgion & Latimers" above.

Whereupon the appellant brought the action below before a trial justice, who decreed for the defendant, which, upon appeal to the Circuit Court (his honor, Judge Norton, presiding), was affirmed.   The ground taken below for a reversal of the trial justice judgment was, that the appellant, being a married woman, could not be a member of a partnership, and therefore the first judgment against her, to which her money in the sheriff's hands had been applied by him, was absolutely void and a nullity, and the payment thereon wrongful and illegal.   The appeal here raises the same question.

We do not deem it necessary to consider the first branch of this proposition, because, assuming it to be correct, the important question still arises whether or not the judgment and execution standing open against the appellant should not be a protection

to the sheriff in the payment thereon which he made. There had been no appeal from this judgment. It was allowed to be transcripted without objection or protest, so far as the record shows. True, the full names of the defendants were not stated therein, but this, we think, was a mere irregularity, not fatal, and especially as the money applied, was of the right party and against the right party, supposing that the sheriff had the right to apply at all.

Assuming, then, that the original judgment against the appellant was void, which is the strongest position for the appellant— that it was void and a nullity for an underlying fact known to the appellant, but not known to the sheriff, and not appearing upon its face—would that legalize the action here? In response to this question, we think it only necessary to refer to the case of *Bragg* v. *Thompson*, 19 S. C., 572. In that case a judgment had been obtained before a trial justice against a dead man, who, of course, had never been served with summons, nor was he in any way represented at the trial. A transcript of this judgment had been filed in the clerk's office and execution issued, under which the land of the deceased had been sold to a purchaser who paid the purchase money; afterwards the land was recovered from him, because of the void judgment under which he had bought, and he brought action against the sheriff for the money paid in. The court held that in so far as the sheriff had paid out the money, plaintiff could not recover. We think this case is exactly in point here, both in principle and also as to the facts, which are nearly all fours with this case. For the reasoning leading to the conclusion there by Mr. Justice McGowan, and which is entirely applicable here, and for the abundant authority upon which he based said conclusion, see that case.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.