## Wheeler v. Schulman.

(Decided June 2, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Justices of the Peace—Magisterial Districts.—Section 142, of the Constitution, provided for one justice's court in each magisterial district of the county.

2. Justices of the Peace—Jurisdiction.—The Constitution provides that the jurisdiction of the justice of the peace shall be co-extensive with the county, but the legislature must provide means and time and place for the exercise of his jurisdiction, and has authority to regulate the exercise of his jurisdiction.

3. Justices of the Peace—Jurisdiction.—The court of which the Constitution and statutes create the justice of the peace, a judge, is the court created for the district for which he is elected and serves, and not elsewhere.

4. Justices of the Peace—Jurisdiction.—There are many duties imposed upon the justice of the peace, some ministerial, some clerical, and some judicial, but his judicial duties he can not perform anywhere except in the court established for his own district, or when by statute, he is specially authorized to perform judicial functions, elsewhere.

5. Justices of the Peace—Jurisdiction.—The justice of the peace can not hold a court and try and determine causes, at a point without his district by agreement of parties, as he would then be simply conducting an arbitration.

6. Justices of the Peace.—A justice of the peace may hold the court for another justice, in the district of such other justice, when such other justice is absent or disqualified, or there is a vacancy in the office of justice of the peace, in such district.

7. Justices of the Peace—Powers of.—A justice of the peace may administer an oath; cause the arrest of persons, who commit criminal or penal offenses in his presence, or issue criminal or penal process for persons violating the criminal or penal laws, at any place in his county, and may hear and try any person charged with the guilt of such offenses, committed at any point in his county, but the trial must be had in his own court, and within his own district, except in cases where the statutes provide that he may hold the court of another justice, in such other justice's district, or where in some special proceeding, the statute authorizes him to perform judicial duties outside of his district.

8. Justices of the Peace—Jurisdiction.—A justice can not try a civil cause, except in the court of his own district, holden in his own district, except where he presides for another justice; and holds the court of such other justice, in the absence or on account of the disqualification of such other justice, or in case of a special proceeding, where he is expressly authorized by statute.

9. Justices of the Peace—Powers of.—A justice of the peace may issue civil process in a civil case against a person residing at any place in the county, but it is the duty of the officer who executes the process to return it for trial in the court of the district of the justice in which the defendant lives, unless he consents in writing, endorsed upon the summons, to have it returned elsewhere.

10. Justices of the Peace—Records of Office.—A justice of the peace must keep the records of his office, and the records of his court, at a place within the district for which he is elected and serves.

ROBERT L. PAGE and CHARLES P. JOHNSON for appellant.

B. F. WASHER for appellee

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant and the appellee are justices of the peace for Jefferson county, Kentucky. The district in which Schulman was elected is composed of the fourth, fifth, sixth and seventh wards of the city of Louisville, and is known as the sixth magisterial district of Jefferson county, Kentucky, and in which the appellee has an office for the transaction of his business as a justice of the peace, and in which he holds his court. The appellant, C. C. Wheeler, is, also, a justice of the peace, and was elected in the second magisterial district of the county, which is situated in Jefferson county, but without the city of Louisville. The appellant has an office at Buechel, which is within the second magisterial district, and where he holds court, and transacts other business connected with the office of justice of the peace. The appellant, in addition to the office which he has at Buechel, has, also, established an office at 233 South Fifth street, in the city of Louisville, and at a point which is within the sixth magisterial district of the county, where he tries causes and maintains a court, and transacts the official duties of a justice of the peace.

The appellee, individually and in his capacity as justice of the peace for Jefferson county, filed a petition in equity in the Jefferson circuit court, in which he alleged that the office held by him was one of emolument and profit, and that the income from it depended upon the number of matters brought to him by the general public, and that he was dependent on the fees and costs resulting from the business of his court and of his office as justice of the peace to provide the expenses of his court and any gain to him as the incumbent of the office;

that the appellant had established a court for hearing and determining causes and the transaction of other business as a justice of the peace, at Buechel, which was within the second magisterial district, and that thereafter the appellant had established and maintained another court at 231 South Fifth street, and within the boundary of the sixth magisterial district, and there assumed to hear and determine causes and transact the other duties of his office, and that unless restrained he would continue to do so, and was transacting business which properly belonged to the court and office of the appellee, which resulted in uncertainty and confusion in the administration of justice, and, also, greatly reduced the receipts of his office, and further, alleged that the appellant was without right, power, or authority to hold or maintain a court outside of the territorial limits of his district, and that his acts in so doing were a violation of law and a breach of his official duties, and an infringement upon the rights and prerogatives of the appellee, and asked for an injunction against the appellant restraining him from maintaining a court and place for determining causes, or the transaction of any other business as a justice of the peace at 231 South Fifth street, or at any other place without the boundaries of the second magisterial district, and from attempting to exercise jurisdiction as a justice of the peace, within the district of the appellee, or elsewhere without the second magisterial district.

The appellant, by answer, denied that he was securing business which would otherwise go to the office of the appellee, if the appellant held his court in the territorial limits of his district, or that the appellee was deprived of a substantial amount of business on account of the court of appellant held within the sixth magisterial district, or that any injury would accrue to the public by reason of his so doing, or that he was without jurisdiction or authority or right in establishing and maintaining an office and court within the sixth magisterial district, or that his so doing constituted a breach of his official duties or obligations, or an infringement of the rights and prerogatives of the appellee, or that a judgment rendered by him at a place without the territorial limits of his district was invalid, and by another paragraph alleged that suits tried before him as a justice of the peace, in the court held by him within the dis-

trict of the appellee, were there tried and determined by
the consent and agreement of the litigants in such cases,
and that the defendants in such cases by their acts and
conduct waived any right of objection they might have
to the jurisdiction of the court of appellee, sitting within
the limits of the second magisterial district. These
affirmative allegations were denied, and upon these is-
sues proof was taken and a judgment rendered by the
chancellor, which enjoined the appellant from maintain-
ing a place for, or the hearing and determination of
causes, or the transaction of any other business pertain-
ing to the office of a justice of the peace, at any place
without the second magisterial district, and from in
any way attempting to exercise jurisdiction or authority
of justice of the peace without the limits of the second
magisterial district, but adjudged that the prohibition
and restraint placed upon appellant by the judgment
would not apply to hearing or disposing of a case or
matter by the defendant without his district, where the
voluntary consent of both parties was present, or where
it was done under the conditions provided for in Section
1090, of Kentucky Statutes, or in the administering of
an oath.

The appellant excepted to this judgment and prayed
an appeal to this court, which was granted.

This unseemly scramble for the perquisites of a ju-
dicial office presents some novel questions. The office
of justice of the peace is a very ancient one and the his-
tory of its creation is lost amid our judicial antiquities,
and the people, through their legislators and constitution
makers, still maintain its existence, as one of the neces-
sities of our system of government, with a tenacity of
opinion, doubtless founded upon many reasons that are
now lost. Under our constitution and statutes, however,
the jurisdiction, powers, duties, and emoluments of the
office of justice of the peace are controlled and restricted
by the terms and provisions of the constitution and the
statutory enactments upon the subject. The office is
one, the emoluments of which, depend almost entirely
upon the fees provided for the exercise of its duties.
Without the fees attached to the performance of its
duties, the one holding the office could not maintain a
place for the holding of his court nor afford to give his
time and attention, alone, to the wearing of its honors.

The appellee had a right to maintain this suit for the reasons stated. A justice of the peace duly elected or appointed, has a right to protect his office from invasion, and by injunction prevent one unlawfully taking from him the perquisites belonging to his office. 24 Cyc., 415; Wright v. Miller, 1 Lock. Leg. N. (Pa.), 46; Poyntz, etc. v. Shackelford, 107 Ky., 546. The proof shows that within five years last past the appellant has heard and disposed of probably 2,500 cases at the court in the appellee's district, during each year.

The chief question presented for determination upon the record is: Where must a justice of the peace maintain his court? Must he maintain his court in the district for which he is serving, or may he hold a court wherever he may happen to be within the limits of the county? Or can he move the place for holding the court of which he is judge into a district other than the one for which he was elected and serving, and there maintain it and administer justice, alongside of the court, which is being maintained therein, by the justice who was elected and serving for that district? Manifestly, if one justice of the peace may maintain a court, within a district for which he was not elected, every other justice in the county could do, likewise, and the anomalous situation would be presented, of eight justices' courts, in full operation in one district of the county, while the other districts of the county would substantially be left barren of whatever benefits such courts may bestow.

The makers of the constitution provided, among other courts, the court of a justice of the peace, by Section 142, of that instrument, which is as follows:

"Each county now existing, or which may hereafter be created in this State, shall be laid off into districts in such manner as the General Assembly may direct; but no county shall have less than three or more than eight districts, in each of which districts one justice of the peace shall be elected as provided in Section Ninety-nine. * * * The jurisdiction of the justices of the peace shall be co-extensive with the county, and shall be equal and uniform throughout the State. Justices of the peace shall be conservators of the peace. * * * And shall vacate their office by removal from the districts, respectively, in which they may have been elected.''

Section 99 of the Constitution provides for the election, "in each justice's district one justice of the peace and one constable, who, etc."

Other sections of the Constitution provide that there shall be a circuit court and a county court established in each county, but, as in case of a justice of the peace, it is silent as to where such courts shall be held. It is manifest, however, that the Constitution makers, by Section 142, did not intend merely to create a judicial individual and to denominate him a justice of the peace, but the purpose of the section was to create and establish a court to be holden and presided over by an officer to be denominated a justice of the peace. The article created a court, and the justice of the peace was made the judge of it. While the article provides that the jurisdiction of the justice of the peace shall be co-extensive with the county, it vested him with no jurisdiction in civil matters at all. It expressly provided that he should be a conservator of the peace. The laws impose many duties upon a justice of the peace. Some are ministerial duties and others judicial. In the execution of his office, many of his duties are clerical. It is axiomatic, however, that he cannot perform judicial functions, except in the court presided over by him. The purpose of the Constitution to create and establish one justice's court, in each magisterial district, is as evident, as its purpose to permit of the election of only one justice of the peace in each of such districts. The court of the justice of the peace for a magisterial district could no more be lawfully held without the territorial limits of such district, than the county, or quarterly, or circuit courts, for one county, could be lawfully held in another county. The only court of which a justice of the peace is judge, is the one established in the district for which he was elected and serves. The justice's court for a magisterial district is an institution established for that district, just as the county and circuit court of a county is an institution established for that particular county. The conclusion then necessarily follows, that the justice's court for a magisterial district must be held within the limits of the district, and if the justice of the peace for that district would hold his court, he must do so within the district, because he is not the judge of any other court. He cannot carry the justice's court of his district around with him, like something

portable, as it is not an attachment of his person, but he is an adjunct of it. Neither the Constitution nor the statute laws make any provision for the location of the court of a justice of the peace, because the law designates no house or place in which the court must be held, but leaves it a matter within the discretion of the justice, except that it must be held within the district, and at a place of which the litigants have notice. While the jurisdiction conferred by the Constitution upon a justice of the peace is co-extensive with the county, the Legislature has authority to regulate and control the exercise of such jurisdiction. Else, of what does he have jurisdiction? The Constitution says that he is a con servator of the peace, but how will he go about conserving the peace until the legislature has provided a means to that end, by providing methods of procedure, and the time and place and manner of their exercise? The statute clothes the circuit judge with the prerogatives of a conservator of the peace throughout the State, but he cannot exercise jurisdiction in a court, except in the counties of the district for which he is elected, unless assigned by the Governor to preside in an established court, of which the regular judge is absent or disqualified.

A reference to the statutes governing the procedure and exercise of the jurisdiction of a justice of the peace, showing the construction placed upon Section 142 of the Constitution by the legislative department of the government, bears out the construction herein placed upon it. Sections 1085, 1086, 1087, 1088, 1089, and 1090, of Kentucky Statutes (Carroll 1915), and Title XVI., of the Civil Code, govern the regular procedure in justices' courts, as pertains to civil actions, except in certain instances of special proceedings, which are fully controlled and regulated by the statutes providing for them, as proceedings in forcible entry and detainer, etc. The only authority for a justice of the peace to hold a court for the trial of civil causes, except in certain special proceedings, is Section 1085, *supra,* which provides that a justice of the peace shall hold a court for the trial of civil causes in his district, once in each three months, at a time designated by the county court. There is no provision authorizing him to hold a court for the trial of civil causes, at any other place, than in his district, except as provided by Section 1090, *supra,* and

Section 1108 of Kentucky Statutes. Neither is there any provision for a justice holding a court for the trial of civil causes, at any time, except at the times designated for the regular terms of his court, except as provided in Section 721, Civil Code, *supra,* and Section 1107, Ky. Statutes. Section 1090, *supra,* provides that if a justice intends to be absent from the county for more than one week, or for any cause, he is unable to act, he shall deposit his records with some convenient justice, who may act for him. If the records are not deposited with another justice, during the absence or disability of the justice whose duty it was to act, any justice who can get possession of the records may act, and if a justice vacates his office, the nearest justice to his residence may act, as provided in Section 1090, until the vacancy is filled. Section 1108 provides that if a justice before whom a cause is returned for trial, does not attend or cannot try the same, any other justice of the county may attend and try and decide the same. Section 721, of the Civil Code, provides that if a provisional remedy made by a justice, in an action within the jurisdiction of his court, be served or levied, the trial of the action and the disposition of the order may take place at any time after five days' notice, given by either the plaintiff or defendant, and if the justice be absent or unable to act, the officer may return the case for trial before the most convenient justice. Section 1107, Ky. Statutes, provides that when a cause is brought by change of venue to a justice's court, that he may try it out of term time.

Section 710, Civil Code, with reference to procedure in civil cases, in a justice's court, provides that if the defendant reside in the county in which the summons is issued, it shall be returned for trial in the district of his residence, unless he otherwise consent in writing, signed by him, and endorsed on the summons; or, unless the justice in such district be interested or refuse to act, in which case it shall be returned in an adjoining district. This statute and 721, *supra,* clearly imply the existence of a justice's court peculiar to the district in which the judge of such court resides, and seems to be a salutary regulation of the exercise of the jurisdiction of the justice. He may issue the original process against the defendant, who resides in any portion of the county, but it becomes the duty of the officer executing the process

to return it for trial to the justice's court in the district, in which the defendant lives, unless he consents in writing otherwise, or the justice in the district is interested, or refuses to act, when it shall be returned to the justice's court in an adjoining district. Counsel rely upon the case of Galot v. Pearce, 18 R. 1004, as holding this section of the Code to be contrary to Section 142, of the Constitution, *supra,* and therefore void, but a reading of the case demonstrates that the opinion does not so hold. The section referred to in the case of Galot v. Pearce, was Section 832, of Myers' Code, as amended, and it provided that a judgment rendered in a justice's court against a defendant, who did not reside in the district when the judgment was rendered, or when the process was served, should be void. The court held that such portion of the act as attempted to make the judgment void, when judgment was rendered against a defendant, who did not reside in the district, was contrary to the Constitution, and, further, that the proper remedy for such a defendant was to have made a motion in the justice's court to transfer the case to the justice's court in the district of the defendant's residence.

The Superior Court, in the case of Venhoff & Co. v. Morgan, &c., 11 R., 276, expressly held, that when a justice rendered a judgment outside of his district, where he assumed to hold his court regularly, it was void. In that case, it was, also, held that the legislature had the undoubted power to fix the time and place for the holding of a justice's court. The court further said: "He becomes a judge when he is appointed or elected, but he becomes a court only when, at the time and place designated by law, he performs judicial duties." The legislature has fixed the place of a justice's court for the trial of civil causes, at a place within his district. The legislature has authorized the county court to fix the time for the holding of a justice's court for the trial of civil causes, and it cannot be held at any other time, lawfully, except in the state of case provided for in Section 721, Civil Code, *supra,* and Section 1107, Ky. Statutes. When a justice acts in the states of case provided for by Section 1090, *supra,* and 1108, he is not then holding the court provided for his own district, but he is holding the court for the absent or disqualified justice, and for the district for which the absent or disqualified justice is serving, or in case of a vacancy in the office

for the district in which the vacancy exists. These sections of the statute are designed to provide a judge for a justice's court, in the event of the absence or disqualification of the justice provided by law to act, or a vacancy in the office in such district, similar to the special judge provided by law for a circuit court in the event of the absence or disqualification of the regular judge.

A justice of the peace cannot hold a court for the trial of causes, by consent of the litigants, in a district other than the one for which he was elected and serves, because the law provides for only one such court in a district, and the result of permitting another to be set up and maintained by consent of parties, would be maintaining two such courts in the district, where the law provides for only one. The proceedings in a court held by consent of parties would amount to an arbitration, and its judgments would be controlled by the laws governing such.

In Johnson v. Higgins, 3 Met., 575, this court said: "Courts are to administer justice by course of law, and they have no power to render judgments, except at terms prescribed by law for the transaction of such business, or the trial of such cases, or at which such business is allowed by law to be done. Such procedure would be emphatically, *coram non judice*, and the judgment void, because forbidden by law."

When a case is pending in a justice's court for a district, and the justice whose duty it is to hold such court is absent or disqualified, or for any reason cannot or will not act, or in case of a vacancy in the office in that district, the parties to such suit may agree upon another justice to sit in the case, in the court of that district, but he may not set up his own court in such district; or a judge may be provided for such court, as provided by Sections 1090 and 1108, Ky. Statutes.

The justice of the peace may administer oaths, at any place in the county, and as a conservator of the peace, may cause the arrest of anyone violating the law, in his presence, at any place in the county, and may issue warrants and summons, at any place in the county, against any persons who are charged with the violation of the criminal or penal laws, at any place in the county, and may try such offenders, as may be lawfully brought before him for trial, either upon process issued by him or upon process issued by any other justice of the peace,

at any time, giving the parties reasonable opportunity to prepare for trial, but the trials must be in the court of his own district, and not elsewhere, except when he may be required to hold an examining trial of one charged with a homicide, or is required to hear a trial upon a return upon a writ of *habeas corpus,* or other proceedings, where the statute specially provides that he may act judicially, other than in the court of his own district.

The justice of the peace must keep the records of his office, and the records of his court, at a place within his district, where the people, for whom the court was specially established, may have the benefit of the use and existence of such records, and that the place of their location may be known.

The judgment appealed from not being in conformity with this opinion, it is, therefore, reversed, and the cause is remanded, with directions to render and enter a judgment in conformity to this opinion.