## Commonwealth v. Bowman.

(Decided May 24, 1921.)

## Appeal from Barren Circuit Court.

1. Statutes—Subjects and Titles of Acts.—Section 1309a, Ky. Stats., vol 3, is void, because enacted in a manner contrary to section 51, of the Constitution.

2. Criminal Law—Disfranchisement.—The circuit court is without authority to impose a judgment of disfranchisement upon a violator of section 1309, Ky. Stats., based upon a judgment of an inferior court, which is filed in the circuit court, as provided by section 1309a, Ky. Stats., the latter statute being void.

CHAS. I. DAWSON, Attorney General, and J. LEWIS WILLIAMS, Commonwealth's Attorney, for appellant.

BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

This appeal involves the validity of an act of the General Assembly which was enacted at the legislative session of 1918, and is now section 1309a, vol. 3, Ky. Stats., and is, including its title, as follows:

"An Act to amend an Act, section 1309 of Ky. Stats., Carroll's 1915 edition, relating to carrying concealed deadly weapons.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 2. All judges, justices of the peace and police judges shall have penal jurisdiction for the first *offence* herein described the penalties and fines for same to be enforced and collected as in other cases in their final jurisdiction, but it shall be the duty of each justice of the peace, police judge and county judge entering such penal judgment to forthwith transmit to the clerk of the circuit court, of the county in which such judgment is rendered, a copy thereof, whereupon such clerk shall place the case upon the criminal docket of the circuit court, and upon call of the docket a judgment shall be rendered by the circuit court adjudging that the operation of the judgment is to disfranchise the defendant named therein, and to deprive him of the right of suffrage for a period of two years from the date thereof."

The question regarding the validity of the above enactment was raised by the appellee, who having been convicted in the police court in the city of Glasgow, a city of the fifth class, of the offense of carrying concealed upon or about his person, a deadly weapon other than an ordinary pocket knife, and his punishment fixed at a fine of $100.00 and imprisonment for ten days, and the judge of the police court, in obedience to the quoted statute, transmitted to the clerk of the circuit court a copy of the judgment. The judgment was filed in the circuit court and the style of the cause placed upon the docket, but when it came to be considered, the court declined to render a judgment disfranchising the appellee and dismissed the proceeding. From the judgment the Commonwealth's attorney has prayed an appeal as authorized by section 337, of the Criminal Code.

Section 1309, Ky. Stats., to which the quoted statute, section 1309a, is an amendment, in its present form, was enacted in 1914, and by its provisions, the carrying concealed upon or about the person of a deadly weapon other than an ordinary pocket knife, was made a high misdemeanor, the punishment for which was fixed at a fine not less than $50.00 nor in excess of $100.00, imprisonment in the county jail for not less than ten nor more than forty days, and disfranchisement for the period of two years from the date of the judgment. A conviction of such an offense, committed after a former conviction for the same offense, was declared to be a felony and punishable by confinement for a term in the penitentiary.

The circuit court, being a court of general jurisdiction was invested with authority to finally try one charged with the offense of carrying concealed upon or about his person a deadly weapon, other than an ordinary pocket knife, and to inflict upon one adjudged therein, to be guilty, the penalties prescribed by the statute, but, previous to the attempted amendment of section 1309, by the enactment of section 1309a, there could be no pretense, that the circuit court was authorized to adjudge that an offender should be disfranchised, basing its judgment upon a copy of a judgment of conviction of such an offense, rendered by an inferior court, which had imposed upon the offender, the fine and imprisonment provided. Neither could there be any pretense, that there was any authority for a police judge, county judge or justice of the peace, filing a judgment of conviction of such an of-

fender, in the circuit court, in fact there was no authority of any kind for the proceeding in the circuit court provided for by section 1309a, until the enactment of that statute. The proceeding in the circuit court provided for by section 1309a, after a conviction before a county or police judge, or a justice of the peace has none of the essential elements of an appeal, as the statute makes no provision for a retrial of the action, after the filing of the judgment, and does not even provide for notice of the proceeding to the convict, nor does it provide for the filing of any part of the record of the action, in the inferior court, except the judgment, upon which the circuit court must necessarily base its judgment of disfranchisement, without further investigation or opportunity for defense. Hence, the proceeding in the circuit court being based entirely upon the authority of section 1309a, if such amendment is for any reason invalid, the court was without authority to render a judgment disfranchising the appellee, upon the faith of the judgment of conviction rendered by the police judge, and was not in error in refusing to render a judgment thereon and dismissing the proceeding.

Thus it becomes necessary to determine the validity of the amendment, section 1309a, and it is needless to say that this court always approaches the subject of holding an act of the General Assembly to be void, with hesitation, but, the uniform decisions of this court for a century past have made it the accepted law of the Commonwealth, that this court is invested not only with the authority but the duty is imposed upon it to determine and declare when any department of the government has exceeded the authority to which it is limited by the Constitution, and to protect the covenants made by the people with each other, in the adoption of the Constitution, from infringement. It is, also, needless to say that with the wisdom or propriety of the constitutional requirements we have no concern, as all the provisions of that instrument are mandatory, and have been so considered by a uniform and consistent line of adjudications of this court. Varney v. Justice, 86 Ky. 596; McCreary, Governor, v. Speer, 156 Ky. 783; Board of Penitentiary Commissioners v. Spencer, 159 Ky. 260. It is insisted that the amendatory act, section 1309a, was enacted in violation of section 51 of the Constitution, and for that reason is of no effect. So much of section 51 of the Constitution as is applicable to the present controversy, is as follows:

"And no law shall be revised, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

The act embraced by section 1309, *supra,* consisted of one section only, and the amendment embraced in section 1309a does not repeal any portion of the former act, but leaves all of its provisions in full force. The title of section 1309a nor the body of the act refers to section 1309 which it proposes to amend except by its title only. The amendment, not repealing any portion of the original act, nor striking out any portion of it, nor substituting anything for any portion of it, has the effect of amending the entire act embraced in section 1309. Section 1309a does not set out in full the provisions of section 1309 which it proposes to amend, nor does it re-enact any of the provisions of section 1309 which are left in full force and effect. Section 51 of the Constitution expressly provides, as it will be observed, that when the legislature proposes to amend an act, it must set out at length in the amendatory act and republish the portion of the original act which is amended, and which is left in force and re-enact the same. This as before said was not attempted or pretended to be done in the attempted enactment of section 1309a. The enactment of section 1309a was thus attempted in a manner strictly and expressly contrary to a mandatory provision of the Constitution. Board of Penitentiary Commissioners v. Spencer, *supra.* As said in Varney v. Justice, *supra,* with reference to the mandatory character of the provisions of the Constitution, "whenever the language gives a direction as to the manner of exercising a power, it was intended that the power should be exercised in the manner directed, and in no other manner." One of the reasons which has been assigned why it was that the provisions of the Constitution require the legislature in amending an act, or a portion of the act, to set out at length the act or portion of it which is amended, and which is still left in force in the amendatory act and to re-enact the same, was that the members of the General Assembly should have before them the entire act which would be in force when it was amended, and would thus be enabled to more intelligently consider it, and to more intelligently vote for or against its enactment. It is a matter of common knowledge that

the failure to observe this procedure in legislation was the source of great abuses under the former Constitutions. Other reasons have been assigned which are not necessary to be here adverted to, as we must either hold that the amendment attempted by seection 1309a was enacted in a manner contrary to the express provisions of the Constitution and therefore invalid, or else section 51 of the Constitution is without force or meaning. In Purnell v. Mann, 105 Ky. 95, in considering the requirement of section 51 of the Constitution with relation to the manner of the enactment of an amendatory act, the court said: "We think the manifest intention was that the provision should apply only to so much of the law as after passage of the new act remains in force amended." Thus it has been held in accordance with the express provision of section 51, that in amending an act the provisions of the act amended, or the portion of an act amended which remains in force must be set out in the amendatory act, and those provisions must be re-enacted.

The conclusion above arrived at is, without considering the fact, that section 1309a consists of only one section, and that section is numbered "2," which indicates strongly, that it is incomplete as published, and its enactment resulted from a misunderstanding upon the part of the members of the General Assembly arising from the failure to conform in the exercise of its powers, to the requirements of section 51, of the Constitution. The amendatory act as it now appears upon the statute books proposes to confer jurisdiction upon all judges, justices of the peace and police judges of what it describes as the "first offence herein described" although the act, as it appears, does not describe any offense whatever, and the offense to which it refers can be conjectured only by a reference to section 1309, which the amendatory act refers to by its title only.

The judgment is therefore affirmed, and this opinion ordered to be certified.