## Ellis v. Wright.

(Decided January 23, 1931.)

CLARENCE W. BEATTY, JR., for appellant.

W. F. CLARKE, JR., and WRIGHT & WRIGHT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Reversing.

The appellant, John H. Ellis, is constable of the Seventh magisterial district in Jefferson county. That district comprises the seventh, eighth, and ninth wards of the city of Louisville, and he has established his office within the territorial limits of his district. The appellee, Oscar Wright, is constable of the First magisterial district of Jefferson county. The First magisterial district lies without the city of Louisville. Appellee has established his office within the territorial limits of the Seventh magisterial district, and was maintaining his office therein at the time of the institution of this suit. His office is at 322 South Sixth street in the Citizens Building, and he has a sign showing that he is constable.

The appellant, in his own right and as a taxpayer of Jefferson county, instituted this action seeking to enjoin

appellee from maintaining his office as constable of the First magisterial district within the territorial limits of the Seventh magisterial district. The chancellor below denied the relief.

Section 234 of the Constitution of Kentucky is as follows:

"All civil officers for the state at large shall reside within the state, and all district, county, city or town officers shall reside within their respective districts, counties, cities or towns, and shall keep their offices at such places therein as may be required by law."

There are two things specifically required by this section as it relates to a district officer. One is that he must reside in the district, and the other is that he must keep his office therein. It is true that he must keep his office at such place within the district as may be required by law. The General Assembly has the authority to say where he must maintain his office in the district, but it has no authority to authorize him to maintain an office outside of his district. It is as imperative that he maintain his office within the district as it is that he reside within the district. The language of the Constitution is, not that he must maintain "an office" in his district, but that he must maintain "his office" or rather in dealing with such offices as a class it requires that they must keep "their offices" within the district.

In the case of Varney v. Justice, 86 Ky. 596, 6 S. W. 457, 9 Ky. Law Rep. 743, in speaking of constitutional provisions it was said:

"No mere unessential matters were intended to be ingrafted in it; but each section and each article were solemnly weighed and considered, and found to be essential to the form of constitutional government adopted. Wherever the language used is prohibitory it was intended to be a positive and unequivocal negation. Wherever the language contains a grant of power it was intended as a mandate. Wherever the language gives a direction as to the manner of exercising a power, it was intended that the power should be exercised in the manner directed and in no other manner. It is an instrument of words granting powers, restraining powers, and re-

serving rights. These words are fundamental words, meaning the thing itself; they breathe no spirit except the spirit to be found in them. To say that these words are directory merely, is to license a violation of the instrument every day and every hour. To preserve the instrument inviolate we must regard its words, except when expressly permissive, as mandatory, as breathing the spirit of command."

The opinion in Varney v. Justice has often been cited by this court. In the case of Com. v. Bowman, 191 Ky. 647, 231 S. W. 35, 36, this court said:.

"It is also needless to say that with the wisdom or propriety of the constitutional requirements we have no concern, as all the provisions of that instrument are mandatory, and have been so considered by a uniform and consistent line of adjudications of this court."

The case of Varney v. Justice is cited in support of that conclusion, and further on in the opinion the court quotes from that case as follows:

"Whenever the language gives a direction as to the manner of exercising a power, it was intended that the power should be exercised in the manner directed, and in no other manner."

When section 234 of the Constitution required a constable to keep his office in his district, he was mandatorily directed by the Constitution itself to keep it there, and he was denied the power to keep it elsewhere, or to maintain an office in another district. The Legislature itself could not authorize him to keep an office outside of his district, because the power vested in the Legislature to control the place where his office should be kept can be exercised only as directed by the Constitution and that direction is that his office must be kept in his district. It is true that by the provisions of section 436, Ky. Stats., a constable may execute processes, but in certain instances he cannot be compelled to receive them against persons residing out of his district as is provided by section 438. By the provisions of section 440 he may exercise the duties of his office in any part of the county, but that section does not authorize him to keep an office outside of his district, and if the Legislature had

authorized him so to do the enactment to that extent would have been invalid.

It was said by the able chancellor in his opinion that the Constitution does not in terms forbid a constable to keep an office outside of his district, but when the Constitution required him to keep his office in his district it was a mandate that could not be avoided and was a prohibition against his keeping an office outside of his district.

But it is argued that this court reached a different conclusion in the case of Wheeler v. Schulman, 165 Ky. 185, 176 S. W. 1017. Schulman was a justice of the peace for the Sixth magisterial district of Jefferson county, and Wheeler was a justice of the peace for the Second magisterial district. Wheeler had opened an office for the transaction of official business within the district of Schulman. This court held that Wheeler could not maintain an office for the trial of cases in Schulman's district, but held that there were certain ministerial duties which Wheeler might exercise in Schulman's district. The court, in that opinion, stated that the chief question presented for determination was: Where must a justice of the peace maintain his court? The court reached the conclusion that he could not hold his court, with certain statutory exceptions, except in his own district. This court did not hold that the justice of the peace could legally maintain an office outside of his district, and, on the other hand, it was held that his office must be maintained within his own district, but that he had jurisdiction throughout the county as conservator of the peace, to administer oaths, to cause the arrest of any one violating the law in his presence, and to issue warrants and summons.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.