## Michael v. Fegenbush, Justice of Peace.

(Decided April 21, 1931.)

CLARENCE W. BEATTY, Jr., for appellant.

M. JOSEPH DONOVAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Appellant filed a petition in the Jefferson circuit court in which she alleged, in substance, that on the 9th day of February, 1931, she was arrested by a deputy constable at 689 Armory place in the city of Louisville; that the officer made the arrest without a warrant and carried her before appellee at 2737 Bardstown road, which is outside of the city of Louisville, but in Jefferson county, and there she was allowed to execute bail for her appearance on the 19th day of February, 1931, to answer a charge of breach of peace which was placed against her; that, at the time of her arrest, the justice of the peace of the Seventh magisterial district in which she was arrested was the nearest and most convenient justice, but that she was illegally and in violation of section 46 of the Criminal Code of Practice taken before appellee who is a justice of the peace in the Second magisterial district, who has illegally and unlawfully assumed jurisdiction of the case and threatens to and will, unless prevented, try the prosecution and render judgment therein, to the great and irreparable damage of appellant.

The prayer of the petition is for a writ of prohibition prohibiting appellant, as justice of the peace of the Second district, from proceeding further in the matter or from taking any further steps in the case.

Most of the brief for appellant is devoted to an argument that her arrest was illegal, but we find nothing in the petition justifying a conclusion that the arrest was illegally made by the officer. There is no allegation as to how the arrest was made, and nothing to indicate that appellant did not, in the presence of the officer, commit the offense for which she was held. While it is true, as urged by appellant's counsel that a person about to be arrested is not required to submit to illegal arrest and has a right of action against an officer for an illegal arrest, yet none of the cases cited indicate that a justice will be deprived of jurisdiction to try an offender because of the fact that the arresting officer has not complied with the law, in making the arrest. At most, the petition merely alleges that, at the time of the arrest, the justice in the Seventh district was the nearest and most convenient, and that, in violation of section 46 of the Criminal Code of Practice, appellant was carried before the justice of the Second district.

Section 142 of the Constitution, providing for the estabishment of magisterial districts, provides that a justice of the peace shall be a conservator of the peace, with jurisdiction coextensive with the county. In the case of Wheeler v. Schulman, 165 Ky. 185, 176 S. W. 1017, it was held that, while a justice's jurisdiction is coextensive with the county, a justice may only hold court within the district from which he is elected unless otherwise provided by law, and attention is also called to section 710 of the Civil Code of Practice, which provides that, if a defendant resides in the county in which a summons is issued, it shall be returned in the district of his residence, unless he consents, in writing, that it be returned elsewhere.

Section 710, however, relates solely to civil actions, and we find no similar provision relating to criminal cases. Section 46 of the Criminal Code of Practice provides that, if an arrest is made without a warrant, the defendant shall be carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest is made shall be stated to the magistrate, and, if the offense for which the arrest

is made was committed in a different county, it provides that the defendant may be conveyed before a magistrate of the county in which the offense was committed.

Section 48 of the Criminal Code of Practice provides that, if the arrest is made in the county in which the offense is charged to have been committed, the magistrate before whom the defendant is carried shall proceed with an examination of the charge. It will be noted that, while section 46 provides for the transfer of a prisoner from the county in which he was arrested to the county in which the offense was committed, it is silent as to the transfer of a defendant from one magisterial district to another. It was evidently the intent of the Legislature in enacting section 46 that the magistrate before whom a defendant is taken may proceed with an examination of the charge if the offense was committed in the county. This section does not mean that a magistrate of one district may not proceed with the trial of an offense committed in another district.

It would often be difficult, if not impossible, to determine which was the most convenient magistrate, as a number of elements might enter into the question of convenience, and we do not believe a magistrate should be required before proceeding with the trial of an accused to first determine whether an arresting officer has complied with the provisions of the Code in taking the prisoner before the most convenient magistrate, nor do we think the magistrate should be deprived of jurisdiction because of the fact that the arresting officer has not complied with the Code provision in this respect.

If an arresting officer arbitrarily or corruptly violates the mandates of the law in making an arrest or in dealing with a prisoner after such arrest, he may thereby subject himself to the penalties of the law, but such failure on his part will not operate to rob a magistrate of jurisdiction conferred by the Constitution or laws of the state.

The lower court properly denied the writ of prohibition, and the judgment is therefore affirmed.

Whole court sitting.