## Michael et al. v. Fegenbush, Justice of the Peace.

(Decided October 9, 1931.)

CLARENCE W. BEATTY, JR., for appellants.

M. JOSEPH DONOVAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Lola Michael and ten others, all of whom are appellants, were arrested for breach of the peace by a deputy constable of the second magisterial district of Jefferson county at 689 Armory place in Louisville, which is located in the seventh magisterial district of Jefferson county. The arresting officer carried appellants, as the warrants directed, before the appellee, who is a justice of the peace in the second magisterial district of Jefferson county. On the day set for their trial, each of the appellants filed a motion and affidavit asking that the cases be transferred to the justice's court of the seventh magisterial district, which they claimed was the district of their residence. The motions to transfer the cases were overruled, and appellants then brought this action in the Jefferson circuit court in which they sought a writ of mandamus directing appellee to transfer the cases to the court of the justice of the peace of the seventh magisterial district. From the judgment denying the writ of mandamus this appeal is prosecuted.

Appellants contend that section 1126 of the Kentucky Statutes, when read in connection with section 710 of the Civil Code of Practice, confers upon a person charged with a criminal offense the same rights possessed by a defendant in a civil action pending before a justice of the peace. Section 1126, Kentucky Statutes, reads:

"In any criminal or penal prosecution pending before the county judge, or a justice, or police or city judge, either party may have a change of venue to a justice's court for the same reasons that a change may be granted in civil cases pending in justices' courts; and, if a change is granted, the trial shall be had before the justice to whose court the case is transferred, in the manner provided for the trial of civil cases."

And section 710 of the Civil Code of Practice reads:

"If the defendant reside in the county in which the summons is issued, it shall be returned for trial in the district of his residence, unless he otherwise consent in writing, signed by him and indorsed on the summons; or, unless the justices in such district be interested or refuse to act, in which case it shall be returned in an adjoining district. If it be issued by the judge of the quarterly court, it shall be returned before him."

It was the purpose of the Legislature in enacting section 1126 of the Statutes to give defendants in criminal or penal prosecutions pending before the county judge or a justice or police or city judge the same right to a change of venue to a justice's court on the grounds of bias, or interest, or refusal to act of the judge or justice before whom the prosecution was pending as is possessed by parties to civil actions pending in a justice's court.

Section 1096 of the Kentucky Statutes provides that an application for an order for a change of venue must be made by a petition verified by an affidavit of the party supported by affidavits of at least two credible housekeepers of the county in which the action is pending. Appellants did not comply with this section of the statutes.

A justice's jurisdiction is coextensive with the county, and section 46 of the Criminal Code of Practice provides that, if a person is arrested in the county in which the offense is charged to have been committed, the magistrate before whom the defendant is carried shall proceed with an examination of the charge.

In Michael v. Fegenbush, 238 Ky. 428, 38 S. W. (2d) 213, 214, substantially the same facts were involved, and, in affirming a judgment denying a writ of prohibition, the court said:

"Section 710, however, relates solely to civil actions, and we find no similar provision relating to criminal cases. Section 46 of the Criminal Code of Practice provides that, if an arrest is made without a warrant, the defendant shall be carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest is made shall be stated to the magistrate, and, if the offense for which the arrest is made was committed in a different county, it provides that the

defendant may be conveyed before a magistrate of the county in which the offense was committed."

And further:

"It will be noted that, while section 46 provides for the transfer of a prisoner from the county in which he is arrested to the county in which the offense was committed, it is silent as to the transfer of a defendant from one magisterial district to another. It was evidently the intent of the Legislature in enacting section 46 that the magistrate before whom a defendant is taken may proceed with an examination of the charge if the offense was committed in the county. This section does not mean that a magistrate of one district may not proceed with the trial of an offense committed in another district."

That case is controlling here.

It follows that the lower court properly denied the writ of mandamus, and the judgment is therefore affirmed.