FAYETTE COUNTY, Appellant,

v.

FAYETTE COUNTY FISCAL COURT, Dan E. Fowler, Judge, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 24, 1958.

Charles Wylie, County Atty., Fayette County, William E. Sloan, Lexington, for appellant.

Harbison, Kessinger, Lisle & Bush, B. L. Kessinger, Jr., Lexington, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment upholding the validity of an order of the Fayette County Fiscal Court requiring magistrates to pay rent for office space in the county courthouse and to vacate the county courthouse by a certain date. A reversal of

the judgment is asked on the ground that the Fayette County Fiscal Court has the legal duty to gratuitously provide magistrates office space and courtrooms in the county courthouse under the provisions of KRS 67.080(4) and 67.140.

In pertinent part KRS 67.080(4) provides that the fiscal court may secure a convenient place for holding court at the county seat. Although this provision of the statute merely gives the fiscal court permission to act, appellant insists that it should be construed as mandatory. However, the construction sought by appellant would only impose a duty upon the fiscal court to furnish magistrates a "place for holding court at the county seat" and would not require the fiscal court to provide magistrates with office space in the county courthouse. Therefore, the question of whether the provision of this statute is permissive or mandatory is of no consequence in this controversy.

Appellant also relies upon the provisions of KRS 67.140 which reads:

"In counties containing a city of the second class wherein all terms of the circuit court are held at the county seat, the fiscal court shall have the care and custody of the courthouse at the county seat, the courtrooms and offices therein, and the public grounds adjacent thereto, and shall have authority and jurisdiction to levy and collect property taxes necessary for the purpose of keeping and maintaining the courthouse and grounds in proper condition and repair, to prevent injury thereto, to keep them in a proper state of cleanliness and sanitation, to provide heat and lights for them, and to provide sufficient water for the courts and offices therein."

The duties imposed upon the Fayette County Fiscal Court by this statute are enumerated, and none of them require the fiscal court to provide magistrates with office space or courtrooms within the county courthouse. In Wheeler v. Schulman, 165 Ky. 185, 176 S.W. 1017, 1019, in discussing a question similar to the one instantly raised, the court said:

"Neither the Constitution nor the statute laws make any provision for the location of the court of a justice of the peace, because the law designates no house or place in which the court must be held, but leaves it a matter within the discretion of the justice, except that it must be held within the district, and at a place of which the litigants have notice."

Since there is no statute or constitutional provision requiring the fiscal court of Fayette County to furnish magistrates courtrooms or office space within the county courthouse, the circuit court entered a correct judgment.

Judgment affirmed.