### The People, etc., for the use of, etc., v. James F. Whitehead, John Whitehead, Sylvester Whitehead and Pleasant T. Chapman.

1. JUDGMENTS BY CONFESSION—*Preliminary Requisites.*—Before the clerk of a court of record is authorized to enter a judgment by confession in vacation, there must be presented to the clerk and filed with him a declaration, the original warrant of attorney, together with an affidavit proving its execution and a plea confessing the amount for which the judgment is to be entered.

2. SAME—*Entry of, Not a Judicial Act.*—The clerk who receives the requisite papers and writes up the judgment does not perform a judicial act, and there is no presumption in support of such a judgment as a judicial proceeding.

3. SAME—*A Statutory Proceeding in Derogation of the Common Law.*—The entry of a judgment by confession in vacation is a statutory proceeding in derogation of the common law, and such a judgment is not valid unless there is a strict compliance with the requirements of the law authorizing it.

4. EXECUTIONS—*Invalid When Issued on Void Judgments.*—An execution issued upon a void judgment is no better than the judgment itself; both must fall together, since a void judgment is legally no judgment, and nothing legal can flow from it.

5. SHERIFFS—*Application of the Rule Protecting Them in Serving Writs Issued upon Void Judgments.*—The rule which in some cases protects an officer in serving a writ regular upon its face, but issued upon a void judgment, is solely for the protection of such officer, and not for the benefit of the plaintiff in the judgment. The officer is not liable for omitting to execute or return such a writ.

Debt, on an official bond. Error to the Circuit Court of Johnson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

GEO. W. ENGLISH and THOS. H. SHERIDAN, attorneys for plaintiff in error.

The People v. Whitehead.

Any person for a debt *bona fide* due may confess judgment by himself or attorney duly authorized, either in term time or in vacation without process. Starr & Curtis, Ch.110, Sec. 65; Ed. of 1885 (Sec. 65 Practice Act); Oppenheimer v. Giershofer, 54 Ill. App. 38.

Whitnel & Gillespie, attorneys for defendants in error.

A judgment entered without jurisdiction of parties and subject-matter is absolutely void, and is treated as mere *brutum fulmen;* it confers no right and bars no remedy. Freeman on Judgments, 2d Ed., Sec. 116.

Effect of void judgments: A void judgment is, in legal effect, no judgment; by it no rights are divested; from it no rights can be obtained; being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one; all acts performed under it and all claims flowing out of it are void. Freeman on Judgments, 2d Ed., Sec. 117; Campbell v. McCahan, 41 Ill. 45.

A confession of judgment in vacation is a statutory proceeding in derogation of common law, and a judgment so confessed will not be held valid unless there is strict compliance with the statute. Matzenbaugh v. Doyle, 56 Ill. App. 343; 156 Ill. 331; Gardner v. Bunn, 132 Ill. 403.

The necessary papers to be filed in order to confer jurisdiction and authorize the confession of a judgment in vacation to be entered by the clerk, have uniformly been held by the Supreme Court to be a declaration stating the plaintiff's cause of action, the warrant of attorney with proof of its execution, and a plea of confession. Snyder Bros. v. Bailey, 165 Ill. 447; Matzenbaugh v. Doyle, 56 Ill. App. 343; 156 Ill. 331; Gardner v. Bunn, 132 Ill. 403.

A confession of judgment in vacation being a special statutory proceeding, must stand or fall by the record, and can not be aided by extrinsic proof. It must be supported by competent evidence filed, and the clerk acts merely as a ministerial officer, without any judicial power, and has authority only to enter upon the record what is actually done in the way of filing jurisdictional papers and evidence

in proof of the plaintiff's claim.    Matzenbaugh v. Doyle, 56 Ill. App. 343; 156 Ill. 331.

In such case no presumptions will be indulged that evidence was presented or heard other than that appearing in the record of a judgment entered upon a warrant of attorney before the clerk, who acts merely as a ministerial officer.    Matzenbaugh v. Doyle, 156 Ill. 331.

When a judgment in vacation is entered by virtue of a power of attorney, the power of attorney must itself be filed and become a part of the record; and statement that it was proven is not sufficient.    Confessions of judgments in vacation are not judicial acts; they are contracts acknowledged of record or conclusions of law.    Durham v. Brown, 24 Ill. 93; Gardner v. Bunn, 132 Ill. 409.

An officer is under no legal obligations to serve process placed in his hands for service where the same has been issued upon a void judgment.    Tuttle v. Wilson, 24 Ill. 553; Housh v. The People, 75 Ill. 487; Newburg v. Munshower, 23 Am. Rep. 769; 29 Ohio St. 617.

While an officer will be protected in the service of process regular on its face and which does not disclose a want of jurisdiction, yet if the process is in fact void for want of jurisdiction, he is under no legal obligation to serve such process, and does not become liable for a neglect or refusal to serve the same.    The rule which affords him protection in the service of void process regular upon its face is purely a rule of protection, and beyond that such process confers no right whatever.    Housh v. The People, 75 Ill. 487; Newburg v. Munshower, 23 Am. Rep. 769; 29 Ohio St. 617.

Hence, where an execution regular on its face is issued without a judgment to support it, the officer to whom it is directed may disregard its command without incurring any liability.    Newburg v. Munshower, 23 Am. Rep. 769; 29 Ohio St. 617; Crocker on Sheriffs, Secs. 284–286; Earl v. Camp & Stone, 16 Wend. 562; Cornell v. Barnes, 7 Hill, 35; Gwynne on Sheriffs, 573.

Measure of damages for failure of sheriff to make money on execution is not the amount of the execution, but is the

amount which property liable to execution would have brought if sold at public sale to the highest and best bidder. Gilbert v. Gallup, 76 Ill. App. 526.

Property in custody of the law is not subject to levy, and property taken on replevin writ and delivered to the plaintiff in such writ is in the custody of the law. Rhines v. Phelps, 3 Gil. (Ill.) 455.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an action of debt, brought by plaintiff in error against defendant in error, upon the official bond of James F. Whitehead, as sheriff of Johnson county, the other defendants being sureties on the bond.

Two breaches of the conditions of the bond are assigned, the first of which is, that the sheriff failed to make the amount of a certain execution, bearing date January 15, 1897, issued upon a judgment for $240.60 damages and costs, alleged to have been rendered by confession, in vacation of the Circuit Court of Johnson County, on the 30th day of December, 1896, in favor of plaintiff in error, L. C. Veach, and against B. F. Veach, who was, during the life of the execution, the owner and possessed of property from which the execution could have been made.

The second breach is that the sheriff failed to return the execution to the clerk's office within ninety days from its date, as provided by law.

Defendants filed four pleas to the declaration, to all of which a demurrer was sustained, when they filed five additional pleas, each of which concluded with a verification, and to all of which plaintiff demurred; but the demurrer was overruled, and plaintiff making no reply to the pleas, the case went to trial by a jury, with the pleas unanswered. There was a verdict for the defendants; a motion by the plaintiff for a new trial, which was overruled, and judgment was rendered on the verdict.

A number of errors are assigned on the record, but the questions necessary to be determined are few.

It is contended by counsel for plaintiff in error that

plaintiff was entitled to recover by showing that the execution was issued and delivered to the sheriff and was not returned within ninety days after its date; also that plaintiff was not required to show a judgment on which the execution was based.

This seems to have been the view of the court below, which is probably the reason why the pleadings are in the present shape, compelling the defendants to plead the judgment, and it was put in evidence with the files in the case.

The declaration consists of the common counts only.

The copy of the note and warrant of attorney on which the judgment was rendered is as follows:

" $200.                          VIENNA, Ill., Sept. 1, 1896.

One day after date I promise to pay to the order of L. C. Veach the sum of two hundred dollars ($200), at ———, with interest thereon at the rate of 7 per cent per annum from date until paid.   Value received.

And in consideration of the premises, I do hereby appoint and constitute ———, or any attorney at law, my true and lawful attorney in fact, to appear for me in any court of record in the United States, or any State or Territory thereof, in term time or vacation, and authorize said attorney at any time hereafter to appear for me and confess judgment against me for the amount of said note and interest then due, and costs, including ten dollars ($10.00) attorney's fee, and to file a cognovit for that amount and a release under seal, waiving all errors in said proceedings, and all right of appeal, and also to consent to the issue of execution instanter.

Witness my hand and seal the day and year above written.
                           B. F. VEACH.   [SEAL.]"

The affidavit of the execution of the warrant of attorney is as follows:

"IN THE CIRCUIT COURT, COUNTY OF JOHNSON AND STATE OF
                     ILLINOIS.
              After November term, A. D. 1896.

L. C. VEACH ⎞
    vs.     ⎬ Assumpsit.
B. F. VEACH.⎠

STATE OF ILLINOIS, ⎞ sct.
County of Johnson. ⎠

L. C. Veach, of said county and State, makes oath and

The People v. Whitehead.

says he knows B. F. Veach, whose name is subscribed to the promissory note and warrant of attorney hereto annexed, said note and warrant of attorney being a copy of note and warrant of attorney executed by said B. F. Veach, and that he was present and saw the said B. F. Veach sign the original note and warrant, on or about the day the same bears date; that the said defendant is still living and no part of the principal, interest or attorney fee in said note have been paid.                                   L. C. VEACH.

Subscribed and sworn to before me, this the 30th day of December, A. D. 1896.

L. J. SMITH, Circuit Clerk."

The cognovit is as follows:

" IN THE CIRCUIT COURT, COUNTY OF JOHNSON AND STATE OF ILLINOIS.

After November term, A. D. 1896.

L. C. VEACH }
    vs.        } Assumpsit.
B. F. VEACH. }

And the said defendant, B. F. Veach, by his attorney, David J. Cowan, comes and waives service of process, etc., and confesses that the said L. C. Veach, plaintiff, on occasion of the non-performance of the several premises in the said declaration mentioned (and including the sum of ten dollars attorney's fee in this behalf) has sustained damage to the amount of two hundred and forty-two 65-100 dollars over and above his costs by him about this suit expended, and the defendant agrees that judgment may be entered against him in this behalf for that amount and such costs; and that no writ of error or appeal shall be prosecuted on such judgment or any bill in equity exhibited to interfere in any manner with the operation thereof, and he releases all errors that may intervene in the entering of such judgment or in the issuing of execution thereon and consents to immediate execution on such judgment.

B. F. VEACH, Defendant.
DAVID J. COWAN,
Attorney for Defendant."

These were the only papers filed in the case.

The judgment as written up by the clerk is as follows:

" L. C. VEACH }
    vs.        } Assumpsit.
  V   A CH. }

Now on this day, being the 30th day of December, A. D.

1896, the same being in vacation after the November term, 1896, comes the plaintiff, L. C. Veach, by his attorneys, Spann & Cowen, and files his declaration herein in said cause, and the defendant, B. F. Veach, also comes and files his plea of confession in said cause, thereby waiving the issuing of process and service, and acknowledges himself to owe and be indebted to the plaintiff, L. C. Veach, in the sum of two hundred and forty-two and 65-100 dollars and all costs and attorney's fee, as alleged in the plaintiff's declaration.

It is therefore ordered and adjudged by the court that plaintiff have and recover of the said defendant the sum of two hundred and forty-two and 65-100 dollars and costs, and that execution may issue therefor."

Before the clerk could have been authorized to enter the judgment, there must have been presented to him and filed a declaration, the original warrant of attorney, an affidavit proving it, and a plea confessing the amount for which judgment should be entered. Roundy, assignee, v. Hunt, 24 Ill. 598; Gardner v. Bunn et al., 132 Ill. 403.

That neither a warrant of attorney nor an affidavit of its execution was filed is not controverted by counsel for plaintiff in error, and could not well be. But it is contended that no warrant of attorney or affidavit of its execution was necessary, for the reason that the defendant in the judgment was present and confessed the judgment in person, and Roundy v. Hunt, *supra*, is cited as authority supporting the contention. Why that case should be relied upon for any such purpose, we fail to understand.

In deciding the case, the court said :

" If the plaintiff should fail to file a declaration, a warrant of attorney, with an affidavit of execution, and a plea of confession by the attorney, the clerk should refuse to enter the judgment."

It is true the present law in regard to the entry of judgments in vacation by confession was not in force at the time that case was decided, but it was in force when the case of Gardner v. Bunn, *supra*, was decided, and the court in the latter case, in commenting on the Roundy case, said :

" If the language of the act, ' upon filing the proper

papers,' did not change the common law practice in such cases, but required a full adherence to that practice, * * we see nothing in the present statute from which it can be inferred that the common law practice should, in such cases, be changed."

It is unnecessary for us to pass upon the question whether the defendant to the judgment might not have personally filed a plea of confession, and thus have made a warrant of attorney and proof of its execution unnecessary, as no such case is presented by this record, since it clearly appears from the plea that it was pleaded by attorney and not in person. Had it been personally pleaded, the plea would have so stated.

When the plea was filed it became a part of the record and spoke for itself. Parol evidence could not be heard to change or explain it. It was a good plea for the purpose for which it was intended, and the only question concerning it is, was the attorney who pleaded it clothed with such authority as the law required, to make it a legal plea? This question must be answered in the negative. The clerk who received and filed the papers and wrote up a judgment did not perform a judicial act. There is then no presumption in support of the judgment as a judicial proceeding.

In Gardner v. Bunn et al., before referred to, the court said:

" The confession of judgment in vacation is a statutory proceeding in derogation of the common law, and a judgment of that character will not be valid unless there is a strict compliance with the law under which it may be authorized."

That there was a compliance with the law in entering the judgment, no reasonable person would contend, and we do not understand that counsel for plaintiff in error so contend, but rely upon the presumption that follows the judgment of a court of general jurisdiction, entered in term time. Since such a reliance is unwarranted, it follows that the judgment that was attempted to be entered by confession was absolutely void; and that the execution issued upon it was no better than the judgment, and both must fall

together, since a void judgment is legally no judgment, and nothing legal can flow from it. Campbell v. McCahan, 41 Ill. 45; Freeman on Judgments, 2d Ed., Sec. 117.

To the contention that the execution was regular on its face, and therefore the sheriff became liable for not executing it, the answer is, such never was the law.

The rule of law which in some cases protects an officer in serving a writ, regular on its face but issued on a void judgment, is solely for the protection of the officer. The plaintiff in the judgment can have no benefit of the rule. The sheriff can not be held liable for omitting to execute or return the writ. Tuttle v. Wilson, 24 Ill. 553; Housh v. People, 75 Ill. 487; Newburg v. Munshower, 29 Ohio State 617.

If the principal is not liable, clearly the sureties on his bond are not.

It is unnecessary to pass upon the remaining questions raised, since what has been determined fully disposes of the case; therefore the judgment is affirmed.