### Fort v. Kremer, et al.

(Decided October 12, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Justices of the Peace—Jurisdiction—Territorial Jurisdiction.—Where a justice of the peace renders judgment and issues execution thereon outside of his district, the judgment and execution are invalid.

2. Execution—Levy and Sale—Liability of Officer.—Where the subject matter of the action is within the jurisdiction of a justice of the peace, a constable may obey and justify under an execution that is regular and fair on its face, although he may have had independent knowledge of the fact not disclosed by the record, that the justice had acted while holding court outside his district.

3. Pleading—Sale of Exempt Property—Liability of Officer—Action for Damages—Petition—Sufficiency.—Where one section of a statute exempts to a person with a family, resident in the Commonwealth, two work beasts, and the succeeding section prescribes the circumstances under which the officer is authorized to sell such property, a petition in an action for damages against the officer for selling exempt property which merely alleges that the work beasts levied on were exempt, without negativing the circumstances under which the officer was authorized to make a sale, is bad on demurrer.

CHAS. CARROLL for appellant.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Joseph Mueninghoff was the regularly elected and duly qualified justice of the peace in and for the Fourth Magisterial District in the county of Jefferson, M. T. Kremer was constable for the same district, and the Chicago Bonding and Surety Company was his surety. In May, 1915, Mueninghoff changed his place of holding court to a place in the city of Louisville in the Sixth Magisterial District. At that place he issued processes and rendered judgments.

Fred P. Kissler, who held a note against Moses Fort, for $48.87, brought suit thereon in Mueninghoff's court. Process was issued and served on Fort by Kremer. In due course, judgment was rendered by Justice Mueninghoff, while sitting in the Sixth Magisterial District. Thereafter execution was issued on the judgment and levied by Kremer on two horses, the property of the defendant in the execution.

This suit was brought by Fort against Mueninghoff, the justice, Kremer, the constable, the Chicago Bonding and Surety Company, Kremer's surety, and Kissler, the plaintiff in the suit in the justice's court, to recover damages. Besides the facts above set out, plaintiff alleged that the judgment in the suit brought by Kissler against plaintiff was void, because the justice had no authority to act outside his district; that Kissler when he asked for judgment and caused execution to be issued, and Kremer, when he accepted the execution and levied on Fort's property, had full knowledge of all the facts which rendered the judgment void. As to Kremer, it was further alleged that plaintiff, Fort, was a resident of this Commonwealth, with a family, and owned two work beasts, which were exempt from execution. That at the time Kremer levied on said work beasts, Kremer was notified of the fact that they were exempt, and of the further fact that Fort was using said beasts in cultivating a crop, and would sustain great damage by reason of their being taken. Mueninghoff's demurrer was overruled and the demurrers of Kissler, Kremer and the Chicago Bonding Company, were sustained and the petition dismissed as to them. From the judgment dismissing his petition, plaintiff appeals.

It is insisted that the demurrers of Kremer and the bonding company were improperly sustained for the fol-

lowing reasons: The justice was without authority to act outside his district. Hence the judgment and execution were both void. That being true, Kremer could not justify under the execution, if, as the petition charges, he had knowledge of the facts which rendered the judgment and execution invalid. It may be conceded that Justice Mueninghoff had no authority to act outside of his district and that the judgment and execution issued thereon were invalid. Wheeler v. Schulman, 165 Ky. 185. It is likewise true that courts frequently announce the rule that an officer cannot justify under a void writ. An analysis of the authorities, however, will show that this proposition is too broadly stated. In our opinion, a correct statement of the law may be found in 35 Cyc. 1743, where it is said:

"A sheriff or constable is not bound to inquire into the validity of the proceedings forming the basis of the process which is placed in his hands for execution; but provided that the court had jurisdiction of the subject matter, and the judgment or order is apparently valid, and that the process is regular and valid upon its face, the officer is not deprived of protection by reason of the fact that the order under which he acts or the judgment on which the process is based is erroneous, invalid and voidable, or even void, for any cause other than a lack of jurisdiction of the subject matter, unless the writ or the papers attached thereto give notice of the defects in the proceedings or the officer has acted wilfully with the intent to oppress defendant." Wilbur v. Stokes, 117 Ga. 545, 43 S. E. 856; Blumaur-Frank Drug Co. v. Branstetter, 4 Ida. 557, 43 Pac. 575, 95 Am. St. Rep. 151; People v. Whitehead, 90 Ill. App. 614; Thompson v. Jackson, 93 Iowa 376, 61 N. W. 1004, 27 L. R. A. 92; Crouse v. Johnson, 65 Hun. 337, 20 N. Y. Suppl. 177; Goodgion v. Gilbreath, 32 S. C. 388, 11 S. E. 207. The above rule was substantiallly announced by this court in the case of Rodman v. Harcourt, 4 B. M. 224. There Harcourt, sitting as a justice, entered judgment against Rodman and issued execution thereon, which was levied by Carico, a constable. While holding that Harcourt, who had accepted the office of postmaster, was thereby disqualified under the constitution from acting as a justice of the peace, and therefore had no authority to issue the execution, the court also held, that inasmuch as the execution was issued by one who was publicly acting as a justice under a regular commission to that office, and

was regular on its face, and the facts which disqualified him from acting, were *dehors* the record, the constable was not bound or presumed to know them, and could therefore justify under the execution. To the same effect are Webster v. Reid, Morr. (Iowa) 467, and Norris v. McCanna, 29 Fed. 757, which hold in substance that a judgment or order of court will protect an officer in what he does pursuant thereto notwithstanding the fact that the statute under which the judgment was rendered or the order made is unconstitutional. 35 Cyc. 1743. In the case under consideration, the execution was issued by a regularly commissioned justice, authorized to hear and determine such cases as Kissler's. Had he rendered the judgment and issued the execution in his own district, his acts would have been valid. They are invalid for the sole reason that he for purposes of convenience and in accordance with the custom then prevailing, held his court at a point in the city of Louisville outside his district. There was nothing in the execution that showed its invalidity. It was regular and fair on its face. Under these circumstances we conclude that Kremer could act in obedience to the execution and then justify thereunder, although he had independent knowledge of the fact not disclosed by the record, that the justice had acted while holding court outside his district.

Another ground on which it is sought to hold Kremer liable, is that the execution was levied on exempt property. While two work beasts are exempt under section 1697, Kentucky Statutes, to a person with a family, resident in the Commonwealth, section 1698 provides that such work beasts shall not exceed in value one hundred fifty dollars ($150.00). It further provides that if the office making the levy believes the work beasts exceed in value such sum, then he will have the animals appraised, and if it shall appear by such appraisement that such animals have a greater value than the sum specified, then such animals shall be sold, and the defendant in the execution allowed out of the proceeds the sum specified. This is not a case where one section of the statute prescribes a rule and a different section provides for an exception thereto. It is a case where both sections must be read and construed together for the purpose of determining whether the officer making the levy was authorized to sell the property. It is therefore necessary, in order to state a good cause of action against the officer for selling exempt property, to state facts showing that

the sale was unauthorized. The petition simply alleges that the work beasts were exempt. This is a mere conclusion of law. Having failed to allege facts negativing the circumstances under which the officer was authorized to make the sale, the petition is bad on demurrer.

Judgment affirmed.