## Cox v. Perkins.

Feb. 23, 1945.

Garrett M. Castle for appellant.

C. B. Upton for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The appellant, Hubert Junior Cox, by his next friend, J. C. Cox, filed his petition in the Whitley Circuit Court seeking damages for an alleged unlawful, wrongful and malicious imprisonment. He alleged that the defendant, Howard H. Perkins, appellee herein, was the duly elected, qualified and acting Justice of the Peace in and for the Seventh Magisterial District of Whitley County; that on the 27th day of July, 1943, as such Justice of the Peace, the defendant issued a warrant of arrest for appellant, charging him with adultery; that on the 3d day of August, 1943, the defendant, acting as Justice of the Peace of the Seventh Magisterial District, proceeded to try the appellant in the courthouse in the City of Williamsburg, Kentucky, which is without the territorial limits of the Seventh Magisterial District and within the territorial limits of the First Magisterial District of Whitley County; that after impaneling a jury and hearing the evidence, the defendant, acting as Justice of the Peace, rendered a judgment against the appellant fixing his punishment at a fine of $50 and costs in the sum of $19.75, and, thereupon, committed the appellant to the jail of Whitley County, Kentucky, to satisfy the judgment; that the appellant was confined in the jail of Whitley County, upon a commitment issued upon the judgment, from the 3d day of August, 1943,

until the 14th day of August, 1943, or a total of eleven days. Copies of the warrant of arrest and judgment rendered were filed with the pleading. He alleged that, by reason of the fact the trial was held without the territorial limits of the Seventh Magisterial District, the judgment rendered was null and void and that the defendant was without jurisdiction to hear, try or determine the case against the appellant; that without any cause for so doing, and against the will and consent of the appellant, the defendant issued a mittimus on said void judgment, and did unlawfully, wrongfully, wilfully and maliciously cause the appellant to be carried along the public streets of the City of Williamsburg to the county jail of Whitley County, and there confined him in the jail for eleven days.

Defendant filed answer in which he admitted certain allegations and denied others, then pleading affirmatively, he stated that the plaintiff is estopped; that he waived any right, if he ever had such, to sue and complain of the place such trial was had or held, as set out in plaintiff's petition, because no objection was made at the time of the trial as to the place of holding the trial; that the trial was held in Williamsburg upon the motion and request of the plaintiff and his father, and that by reason of the acts and conduct of the plaintiff and his next friend, J. C. Cox, they are now estopped and barred and have waived any right to complain.

Plaintiff filed general demurrer to the answer which was overruled. The cause came on for trial, and at the close of the testimony for the plaintiff. the court sustained defendant's motion for peremptory instruction, from which the plaintiff appeals.

There is considerable acrimonious argument by attorneys on each side of this litigation. It will be unnecessary to discuss the various points raised by them, some of which have little, if any, bearing upon the issues presented in this action. Consideration of the contention that the court erred in giving a peremptory instruction for the defendant will dispose of the case and leave it unnecessary to discuss the various questions raised by briefs. In deciding that question it becomes necessary to look carefully to the pleadings and the proof.

Two paramount questions are involved in the consideration of this proposition: (1) Is a judgment rendered and entered by a Justice of the Peace while acting

without his territorial jurisdiction, void, and does a judgment so rendered create an actionable cause for damages against the Justice of the Peace so acting? (2) Was the proof introduced by the plaintiff below of sufficient character and quality to support the allegations of the petition? Section 25.630, KRS, provides the manner and authority of a justice of the peace for conducting trials wthout the territorial limits of his district. This statute by no means generalizes judicial power. In fact, it recognizes the necessarily local nature and authority within the territorial limits of the magisterial district. In the case of Wheeler v. Schulman, 165 Ky. 185, 176 S. W. 1017, 1019, Judge Hurt wrote an extended and exhaustive opinion dealing with the jurisdictional rights of Justices of the peace, in which he said:

"The purpose of the Constitution to create and establish one justice's court in each magisterial district, is as evident as its purpose to permit of the election of only one justice of the peace in each of such districts. The court of the justice of the peace for a magisterial district could no more be lawfully held without the territorial limits of such district, than the county, or quarterly, or circuit courts, for one county could be lawfully held in another county. The only court of which a justice of the peace is judge, is the one established in the district for which he was elected and serves. The justice's court for a magisterial district is an institution established for that district, just as the county and circuit court of a county is an institution established for that particular county. The conclusion then necessarily follows, that the justice's court for a magisterial district must be held within the limits of the district, and if the justice of the peace for that district would hold his court, he must do so within the district, because he is not the judge of any other court. He cannot carry the justice's court of his district around with him, like something portable as it is not an attachment of his person, but he is an adjunct of it. * * *

"The superior court, in the case of Venoff & Co. v. Morgan, 11 Ky. Law Rep. 276, expressly held that when a justice rendered a judgment outside of his district, where he assumed to hold his court regularly, it was void. In that case, it was also held that the Legislature had the undoubted power to fix the time and place for the holding of a justice's court."

In 31 Am. Jur. 749, sec. 76, it is said: "When the place for holding a justice's court is definitely fixed pursuant to law, such court cannot be held at any other place; and a judgment of a justice of the peace is void when it affirmatively appears that the court was held at a place where he could not lawfully sit."

In Fort v. Kremer et al., 177 Ky. 120, 197 S. W. 538, the court said:

"It may be conceded that Justice Mueninghoff had no authority to act outside his district, and that the judgment and execution issued thereon were invalid. * *

"Had he rendered the judgment and issued the execution in his own district, his acts would have been valid. They are invalid for the sole reason that he for purposes of convenience and in accordance with the custom then prevailing held his court at a point in the city of Louisville outside his district."

In Blincoe v. Head et al., 103 Ky. 106, 44 S. W. 374, 375, the court said: " 'A judge is not such at all times, and for all purposes. When he acts, he must be clothed with jurisdiction; and, acting without this, he is but the individual falsely assuming an authority he does not possess.' "

It is contended by the appellee that the appellant waived any right he had and is estopped because of consent to move to the First Magisterial District. Dealing with the question of consent, in 31 Am. Jur. 728, sec. 36, it is said: "Where a justice of the peace goes outside the limits of his jurisdiction and undertakes to hold his court, he has jurisdiction neither of the subject matter nor of the person; and no waiver or agreement made before him outside his jurisdiction can confer jurisdiction upon him. Outside the limits of his jurisdiction he is not a judge. He is no more than any private citizen; and any judgment he gives outside his jurisdiction, whether by agreement, waiver, or otherwise, is no more binding upon the parties than if it had been made before a private individual."

In Wheeler v. Schulman, cited above, the court further said: "A justice of the peace cannot hold a court for the trial of causes, by consent of the litigants, in a district other than the one for which he was elected and serves, because the law provides for only one such court in a district, and the result of permitting another to be

set up and maintained by consent of parties, would be maintaining two such courts in the district, where the law provides for only one. The proceedings in a court held by consent of parties would amount to an arbitration, and its judgments would be controlled by the laws governing such.''

In Richie et al. v. Commonwealth, 229 Ky. 654, 17 S. W. 2d 738, 739, the court said: ''It is suggested on behalf of the commonwealth that the jurisdictional question was not raised in the lower court and was therefore waived. Want of jurisdiction, except of the person, cannot be waived and jurisdiction cannot be conferred by consent or agreement. *. * * And a jurisdictional question can be raised at any time.''

It is contended further by the appellee that the justice of the peace would not be liable and could not be sued in any event. 31 Am. Jur. 719, sec. 22, says: ''The generally accepted rule is that a justice of the peace is civilly liable when he acts without jurisdiction of the person, without a general jurisdiction of the subject matter, or without compliance with jurisdictional prerequisites, irrespective of motive or corruption, and even though his act involves the decision made in perfect, good faith, that he had such jurisdiction.''

In Rammage v. Kendall et al., 168 Ky. 26, 181 S. W. 631, 634, L. R. A. 1916C, 1295, the court said: ''This principle, however, does not extend to make a judicial officer immune from damages for illegal acts which result in injuries to others or deprive them of their legal rights, when his acts are without the scope and limits of his jurisdiction. It follows that, if his illegal acts are without the scope and limits of his jurisdiction, he is liable, if damages result to others from such acts, whether he is actuated by malice, corrupt and impure motives or not. In the last state of case the fact that his motives are impure and bad are considered only as aggravating the damages. When the judge acts illegally without the limits of his jurisdiction, he becomes a trespasser, and is liable in damages as such.'' See also Hargis v. Maloney et al., 287 Ky. 473, 153 S. W. 2d 944.

This leads us then to the question of the sufficiency of the evidence in support of the pleading.

The appellee takes the position that since the justices' courts are courts of record, it became incumbent

upon the appellant to introduce the judgment and commitment, and that because appellant failed to do this there was a lack of competent evidence to establish the necessary elements to the plaintiff's cause of action. The argument of appellee is well taken, and all that he says relative to the introduction of an authenticated copy of the judgment or the records of the court is true if he were relying upon such records in support of an affirmative claim or contention, and was seeking benefits growing out of or based upon same. However, this is not the case here. His cause of action was based upon a trial held by a magistrate outside of his territorial jurisdiction, wherein the magistrate, acting without authority and in violation of his jurisdictional right, and upon a judgment that was void, and a mittimus issued on a void judgment without authority or right, sent him to jail. Plaintiff proved the issuance of the warrant by the justice in the Seventh Magisterial District; his arrest therein; the presence of the magistrate when he was arrested; the subsequent trial in Williamsburg, which was proved to be in the First Magisterial District and without the territorial limits of the Seventh Magisterial District; and his being sent to jail by the defendant, acting without the territorial limits of his district. The question of the validity of the judgment and commitment, then, becomes more a matter of defense since the plaintiff was basing his action entirely upon a trial without the territorial limits of the Seventh Magisterial District and upon a void judgment and a commitment based upon a void judgment.

In view of the above, it is unnecessary to discuss further the various contentions on the part of both appellant and appellee. The court below erred in peremptorily instructing for the defendant.

Judgment reversed.