G. E. DUNCAN, Appellant,

v.

Archie BROTHERS et al., Appellees.

Court of Appeals of Kentucky.

March 10, 1961.

Robert L. Gwin, Gwin & Iler, Owensboro, for appellant.

Frederick E. Nichols, Nichols & Nichols, Madisonville, for appellees.

BIRD, Chief Justice.

G. E. Duncan was arrested without a warrant and charged with violating a city ordinance. He was not carried forthwith before a magistrate having jurisdiction of the offense as required by Section 46 of the Criminal Code of Practice. In lieu of carrying the accused before a magistrate, the officer gave Duncan a written citation directing that he appear and answer the charge before a magistrate, namely, the police judge of the City of White Plains. Duncan ignored the citation and did not appear as directed. No warrant or summons issued from the police court and Duncan did not appear before the court in person or by counsel. He made no plea and none was made for him. Nevertheless, the police court in Duncan's absence proceeded to try him for the violation designated in the citation. Duncan was convicted and fined. Upon this conviction Duncan was caused to be arrested and imprisoned.

During all of these proceedings Archie Brothers was police judge and acting as such in and for the City of White Plains. Steward Gunn, an officer, gave the citation and made the arrests involved. Duncan brought this action to recover damages for false arrest and imprisonment. He named the police judge, the arresting officer, and the city as defendants.

The defendants and each of them moved to dismiss the complaint for failure to state a cause upon which relief could be granted.

The trial court sustained the motion and dismissed as to each of the defendants. Duncan appeals.

Are the facts alleged sufficient to warrant a recovery against the defendants or any of them? That is the question to be answered on this appeal.

Let us first examine the complaint as to Archie Brothers, the police judge. The complaint substantially states that Duncan was tried and convicted without notice, without his personal appearance and without appearance by counsel. It is substantially charged that Judge Brothers, pursuant to this judgment of conviction and in execution thereof, ordered Duncan's arrest which resulted in his imprisonment. It is specifically alleged that this arrest and imprisonment was false and wrongful. The complaint avers substantially that Duncan was never before the court in any manner until he was arrested after conviction. The complaint we think shows substantially that no summons, warrant or notice issued from the police court before his trial and conviction.

It is alleged, however, that the officer gave him a citation to appear and answer in police court. It was upon this allegation that the trial judge predicated his judgment of dismissal.

The police court had jurisdiction of the subject matter and if it had jurisdiction of Duncan's person at the time of trial, then Judge Brothers is not liable under the facts of this case. Dixon v. Cooper, 109 Ky. 29, 58 S.W. 437; McBurnie v. Sullivan, 152 Ky. 686, 153 S.W. 945, 44 L.R.A.,N.S., 186. If the police court had no jurisdiction of Duncan's person at the time of trial, Judge Brothers would be liable for the false arrest and imprisonment of Duncan. Cox v. Perkins, 299 Ky. 470, 185 S.W.2d 954, 173 A.L.R. 797.

The trial court held that the *citation* gave the police court the required jurisdiction of Duncan's person. We do not agree.

We are dealing with an arrest made without a warrant. Section 46 of the Criminal Code provides for the disposition of persons arrested without a warrant. It reads as follows:

"If an arrest be made without a warrant, whether by a peace officer or private person, the defendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate; * *

"If the arrest without a warrant be for violation of any provision of Chapters 186, 187, 189 and 281 of the Kentucky Revised Statutes, the arresting officer may, instead of proceeding as in subsection (1) of this section, issue a citation requiring the defendant to appear before a magistrate of the county in which the offense occurred at a future time to be stated in the citation. In no event shall the citation state a time of appearance in excess of five days from date of arrest.

"Any person failing to obey a citation issued in accordance with subsection (2) of this section shall be guilty of a separate offense and shall be fined not less than ten dollars nor more than one hundred dollars."

In as much as a citation is not authorized for violations of city ordinances it was Officer Gunn's duty under Section 46 to carry Duncan before a magistrate. Jurisdiction of the person attaches when the person arrested without a warrant is delivered by the arresting officer to the magistrate. Prater v. Com., 216 Ky. 451, 287 S.W. 951.

■ While the citation system is employed generally throughout the state its use is not specifically authorized except for violations of Chapters 186, 187, 189 and 281, Kentucky Revised Statutes. Cr. Code 46(2) 1950 Amendment. Even there the citation does not confer jurisdiction of the person. It simply alters the method of delivering the accused to the magistrate. Jurisdiction still does not attach until the accused delivers himself to a magistrate in obedience to the citation or enters his appearance by other means. It will be noted that the amendment provides a penalty for disobedience of the citation. This of course coerces self-delivery and tends to insure jurisdiction of the person.

■■ The citation system whether authorized by law or practiced without authority is convenient for both officer and accused but in no event does it dispense with the appearance necessary to confer jurisdiction. The citation is not a court process. It issues from the arresting officer and not from the court. It does not have the legal efficacy of a warrant or summons. For the execution of a process to confer jurisdiction of the person it must have been issued from a court having jurisdiction of the subject matter. Commonwealth v. Wolfford, 253 Ky. 593, 69 S.W.2d 1012.

■ It is apparent that the police court of White Plains had no jurisdiction of Duncan's person. Having this lack of jurisdiction together with the allegations heretofore set forth we must hold that the complaint does state a claim against the judge upon which relief may be granted. The trial court was in error in dismissing the complaint as to Judge Brothers.

■ Let us now consider the position of Steward Gunn, who after conviction, arrested Duncan upon an order of the police court. There is no allegation in the complaint charging the peace officer with the procurement of the judgment or the process issuing upon it. He was obeying an order of the court and did not exercise his own will in the service of the process. The complaint does not charge invalidity of the process on its face.

There is nothing in the complaint to show that the police officer did any more than execute an order of court properly issued and valid on its face. The trial court properly dismissed the complaint as to Steward Gunn, the arresting officer. See Clay v. Caperton, 17 Ky. 10, 15; Rader v. Parks, Ky., 258 S.W.2d 728.

 Now let us deal with the City of White Plains. Appellant cites no authority for holding the city and, in fact, does not argue that the trial court erred in dismissing the claim as to the city. There can be no doubt that the trial court, upon the facts alleged, was correct in dismissing the action against the city. See Hershberg v. City of Barbourville, 142 Ky. 60, 133 S.W. 985, 34 L.R.A.,N.S., 141.

The judgment dismissing the complaint against Judge Archie Brothers is reversed.

The judgment dismissing the complaint against Officer Steward Gunn is affirmed.

The judgment dismissing the complaint against the City of White Plains is affirmed.