Robert R. EVANS, M.D., Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

and

Leo J. THOMAS, D.M.D., Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Nov. 2, 1982.

Rehearing Denied Feb. 16, 1983.

Joseph J. Leary, Frankfort, for movant
Robert R. Evans, M.D.

Steven L. Beshear, Atty. Gen., Richard E.
Plymale, Asst. Deputy Atty. Gen., Frank-
fort, for respondent.

Nicholas D. McCubbin, London, for mov-
ant Leo J. Thomas, D.M.D.

OPINION OF THE COURT

The movant Evans, a doctor of medicine
located in Bell County, was indicted in
Franklin County for violating KRS 194.-
505(6) and KRS 205.850(4). The first count
of the indictment alleged that during Janu-
ary through July of 1980 he devised a
scheme to obtain Medicaid benefits by
means of false and fraudulent representa-
tions which were presented for payment in
the form of 54 separate claims for physi-
cian's services. Count 2 set forth these 54
incidents in detail and charged Dr. Evans
with violating KRS 205.850(4) by presenting
claims to the Department of Human Re-
sources for payment, knowing them to be
false and fraudulent.

The movant Thomas, a doctor of dental
medicine located in Clay County, was indict-
ed in Franklin County for similarly violat-
ing the same two statutes and also for
committing six separate offenses of theft
by deception, in violation of KRS 514.-
040(1)(a).

On the assumption that each of the
alleged offenses was initiated in the county
of the doctor's residence and completed in
Franklin County through submission of the
claim to the state for payment, the trial
court determined that venue lay in either

county and entered an order transferring the cases to the Bell Circuit Court in the instance of Evans and to the Clay Circuit Court in the instance of Thomas. Cf. KRS 452.550: "When an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs."

As expressly authorized by KRS 22A.020(4), the Commonwealth appealed these interlocutory orders to the Court of Appeals, which held that there is no authority for such a transfer and directed the trial court to enter new orders accordingly. This court granted discretionary review.

We agree entirely with the decision of the Court of Appeals, but take occasion to issue an opinion of our own in order to address one question the Court of Appeals did not discuss but which has been raised throughout by the movant Evans.

KRS 452.550 means only that certain offenses are indictable and may be prosecuted in either county. Once an indictment is returned, however, the statute does not purport to empower a trial judge of that particular circuit to transfer the prosecution to another county, as if the indictment had been returned there in the first instance.

It was the opinion of the trial court that because most of the witnesses probably reside in Bell and Clay Counties, and they are the counties in which the respective defendants themselves reside, justice would best be served by applying the doctrine of *forum non conveniens.* Unquestionably this would be a sensible approach, but the fact is that there is no existing authority for it. It amounts to a change of venue upon a ground and to counties of destination not embraced within the applicable statutes. Cf. KRS 452.210 et seq.

■ "The right to a change of venue is only bestowed by the statute, and the Legislature has authority to provide for the extent and manner of its exercise." *Heck v. Commonwealth,* 163 Ky. 518, 174 S.W. 19, 20 (1915).

■ "The only power the court has to grant a change of venue is conferred by the statute . . ." *Penman v. Commonwealth,* 141 Ky. 660, 133 S.W. 540, 543 (1911).

Even if it were assumed that venue is a procedural matter and thus comes within the judicial province, it would be necessary that an appropriate rule of procedure be promulgated for uniform use and application throughout the system.

The theory of *forum non conveniens* has one shortcoming which prevents its serving as an apt model for a change of venue. That is, it provides a basis on which one court may decline to entertain a case, but does not enable that court to force another court to take it. Theoretically we have in this state only one circuit court, but because there is no inherent authority for a judge in one circuit to move a case to the judge of another, the situation is the same as if the courts within the different circuits were separate.

■ The point not discussed by the Court of Appeals arises from the contention by Dr. Evans that the trial court should dismiss the indictment because it attempts to make a felony out of a series of 54 alleged misdemeanors, each involving less than $100. The answer is that the order denying his motion to dismiss on that ground was an interlocutory order and is not appealable. Whereas KRS 22A.020(4) authorizes the Commonwealth to appeal from an interlocutory order, cf. *Eaton v. Commonwealth,* Ky., 562 S.W.2d 637 (1978), there is no comparable provision for an appeal by the defendant.

The decision of the Court of Appeals is affirmed and the cause is remanded to the Franklin Circuit Court for further proceedings.

STEPHENS, C.J., and O'HARA, PALMORE and STEPHENSON, JJ., concur.

AKER and STERNBERG, JJ., dissent with separate dissenting opinions.

CLAYTON, J., did not sit.

AKER, Justice, dissenting.

I must respectfully dissent from the majority opinion of this court because I am of the opinion that the appeal of this interlocutory ruling is not properly before this court.

The majority opinion states that this appeal of an interlocutory order is expressly authorized by KRS 22A.020(4). The statute does indeed provide that "An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the circuit court. . . ." However, I am not persuaded that the statute contemplates appeals from rulings such as presented by the case at bar.

Instead, the statute, in my judgment, was designed to allow the Commonwealth to appeal from orders and rulings which go to the merits of the case, or at least to the Commonwealth's presentation of the merits. The most notable example is an appeal from a ruling suppressing evidence. In such a case, the necessity of allowing the appeal prior to trial is readily apparent. A direct appeal following acquittal would be of no avail because the rule against double jeopardy would prohibit retrial. Thus, KRS 22A.020(4) allows the state an appeal because the evidence suppressed may be vital to the state's case and cannot be cured by direct appeal.

In the case at bar, however, an "adverse" ruling regarding change of venue can in no way be considered "vital" to the Commonwealth's case on the merits. As the majority makes clear, there is but one circuit court in this state. We cannot assume that the Commonwealth's case is in any way prejudiced by this change in venue. Assuming the change of venue was improper under the circumstances, as the majority has held, that fact may be established by an appeal for certification of the law to affect future cases, or otherwise brought before this court by writ of prohibition, as the order was not within the discretion of the circuit judge.

However, under these circumstances a KRS 22A.020(4) appeal is improper. This court, in *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637, stated there was "no reason why an interlocutory 'ruling' entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal" under KRS 22A.020(4). We cannot assume that the trial of these defendants in Bell and Laurel Circuit Courts, respectively, instead of Franklin Circuit Court can in any way affect the vital interests of the Commonwealth as enunciated in *Eaton, supra*. On the contrary, we must assume that all parties, including the Commonwealth, will receive an equally fair trial in any court in this jurisdiction.

STERNBERG, Justice, dissenting.

These two cases are being considered and disposed of together since each presents identical issues. Doctors Robert R. Evans and Leo J. Thomas were each separately charged by the Franklin County Grand Jury in indictments returned on November 18, 1980.

Dr. Evans was charged with scheming to obtain benefits from a medical assistance program by means of false or fraudulent representations (KRS 194.505(6)) and presenting false and fraudulent claims (KRS 205.850(4)). The charged offenses are alleged to have occurred in both Franklin County and Bell County, Kentucky. The indictment contains two felony counts, charging 54 separate fraudulent claims (misdemeanors).

Dr. Thomas was charged not only with having violated KRS 194.505(6) and KRS 205.850(4), but also he was charged with theft by deception (KRS 514.040(1)(a)). The charged offenses are alleged to have occurred in Franklin County and Clay County, Kentucky. The indictment contains eight felony counts, charging 51 separate fraudulent claims (misdemeanors).

Pursuant to timely motions, the judge of the Franklin Circuit Court, on May 8, 1981, transferred the Evans case to Bell County, Kentucky, and the Thomas case to Clay County, Kentucky. The Commonwealth appealed the transfer orders to the Court of

Appeals of Kentucky, where on March 5, 1982, both orders were reversed. This court granted review in both cases on May 18, 1982.

Counsel present the following issues:

"I. There can be no appeal from an interlocutory order.

II. The learned circuit judge exercised wise and statutory discretion conferred upon him by KRS 452.550.

III. May alleged misdemeanors in a multiple count indictment be totaled in order to produce a felony?"

The general rule is that an appeal may be taken only from final orders or judgments. *Lebus v. Lebus,* Ky., 382 S.W.2d 873 (1964); *Stice v. Leonard,* Ky., 420 S.W.2d 672 (1967). CR 54.01 provides, "... A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding...." The subject transfer orders do not adjudicate all of the rights of the parties; however, even though the transfer orders are interlocutory in nature, it does not follow as night the day that they are not appealable.

In *Eaton v. Commonwealth,* Ky., 562 S.W.2d 637 (1978), and in *Ratliff v. Fiscal Court of Caldwell County,* Ky., 617 S.W.2d 36 (1981), this court gave its approval to an appeal from discretionary rulings by a circuit court. In disposing of the issue, we said in *Eaton:*

"... Unless the constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory 'ruling' entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal."

In the case at bar, the transfer orders do not constitute a threat to a denial of a speedy trial and they do decide a matter vital to the case for the Commonwealth. I am constrained to the view that the decision of this court in *Eaton* is dispository of the present issue. I am of the opinion that an appeal does properly lie from the transfer orders of May 8, 1981.

In the second issue the Commonwealth challenges the wisdom of the trial judge in transferring the trials to the counties of the movants' residences.

KRS 452.550 fixes venue in either Franklin County, Kentucky, or in the counties where the movants reside, and the question of forum is one of first impression to this court. The trial judge applied the doctrine of forum non conveniens after finding that the ends of justice would best be served by trying the cases in the counties where the doctors reside. This court has applied the doctrine of forum non conveniens in civil cases. *Carter v. Netherton,* Ky., 302 S.W.2d 382 (1957). However, it has not been called on to apply it in criminal cases.

The trial judge found that (1) the occurrences denounced by the indictments were performed by Dr. Evans in Bell County, Kentucky, and by Dr. Thomas in Clay County, Kentucky; (2) a majority of the witnesses, who are numerous, reside in Bell and Clay counties; and (3) the principal criminal acts occurred, if in fact they did occur, where most of the prospective witnesses reside. As a result the court determined that the ends of justice would best be served by trying the cases in Bell and Clay counties. Transferring these cases to the counties where the doctors reside did not confer any unusual authority on the Bell Circuit Court or the Clay Circuit Court that those courts did not already have except the physical presence of movants. The judge of the Franklin Circuit Court was of the opinion that the doctrine of forum non conveniens applied. The Commonwealth argues that the trial court abused its discretion by transferring venue, arguing that it had neither the inherent nor statutory power to alter venue in a criminal case when the court that had original venue was statutorily proper. Counsel for movants argue that there is no legal or logical reason why forum non conveniens should not be applied in a criminal case the same as in a civil case. Counsel for the Commonwealth vigorously argues that the trial court was without authority to change the county in which the doctors are tried absent some constitutional or statutory authority.

The trial judge was concerned with affording the doctors with a forum where they could receive a fair trial. This is as it should be. The doctrine of forum non conveniens is nothing more or less than the application of equitable principles to insure an accused of a fair and impartial trial. There is no federal or state constitutional provision which specifically states that a defendant in a criminal case is entitled to a fair trial. This guarantee is a part of the inherent powers of the court. It has existed in written form from the signing of the Magna Charta in 1215. It has found safety in Section 11 of the Kentucky Constitution and in the Sixth Amendment to the United States Constitution. This court has consistently, without equivocation and without hesitation, expounded and honored the right of an accused in a criminal case to have a fair trial. The trial judge is not a knot on a log; he is the commanding officer of the court and charged with great responsibilities. The right of the trial judge to change the forum so as to provide a harbor where the doctors can secure a fair trial comes from constitutional guaranties resulting from years of oppression. I know of no reason why the doctrine of forum non conveniens should not apply in criminal cases as well as civil cases. As a matter of fact, history and the constitutions mandate that the trial judge exercise his judicial wisdom to assure an accused of a fair trial before depriving him of his freedom. It is civil action money damages against deprivation of freedom. Freedom and fairness are not words of idle jest but hard cold facts, and the trial judge, after considering the hard cold facts, determined that the trials should not be in Franklin County.

The trial judge exercised his judicial discretion in making the transfers, and upon a study of the entire record I am unable to say that he abused his discretion. I find no error in the action of the trial judge in transferring the trials of these actions to the counties where the movants reside.

I would reverse the decisions of the Court of Appeals and affirm the orders of the Franklin Circuit Court.