Jackie **WOLFENBARGER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 94–CA–002691–MR.

Court of Appeals of Kentucky.

June 14, 1996.

Discretionary Review
Denied by Supreme Court Jan 24, 1997.

Franklin P. Jewell, Public Advocate, Louisville, for appellant.

A. B. Chandler III, Attorney General, Vickie L. Wise, Assistant Attorney General, Frankfort, for appellee.

Before COMBS, GARDNER and HUDDLESTON, JJ.

HUDDLESTON, Judge.

On October 5, 1994, Jackie Wolfenbarger was tried and convicted on the premises of St. Elizabeth Hospital South in Kenton

County for the crimes of assault in the first degree and assault in the second degree. The crimes were committed in Boone County, and the judge and jury that heard the case were from Boone County. The trial was held at a hospital in Kenton County because of the defendant's health; the situs of the trial was agreed to by Wolfenbarger. Wolfenbarger appeals his conviction on the basis that the circuit judge had no power to hold a trial in a county other than Boone, the county where the crimes were committed. He also argues that certain testimony admitted by the court was unduly prejudicial.

The incident that led to Wolfenbarger's convictions began when Wolfenbarger went to his ex-wife's domicile in the early morning hours of March 17, 1993, and awoke her. He demanded that she and her youngest child accompany him to the downstairs area of the apartment. Once downstairs, Wolfenbarger's ex-wife managed to escape to a neighbor's dwelling, but not before Wolfenbarger had shot her four times and her infant once. Wolfenbarger then returned to his ex-wife's apartment and shot himself. Fortunately, all survived the assault.

After an indictment was returned against Wolfenbarger, the case was set for trial but was apparently continued on several occasions, most at the request of the defendant. On the morning the trial was actually held, October 5, 1994, Wolfenbarger's counsel informed the court that the defendant had been admitted to a hospital in Kenton County. Discussion regarding how to deal with the situation culminated with the trial judge speaking to the defendant and Wolfenbarger agreeing to have the jury selected in his absence and then transported to the hospital for the trial. The court noted that Wolfenbarger seemed lucid, clear and mentally capable when the decision to proceed in this manner was made.

The jury convicted Wolfenbarger and recommended a sentence of ten years on each of the two counts to run concurrently. Judgment was entered in accordance with the jury's recommendation and Wolfenbarger's motion for a new trial was denied. Wolfenbarger appeals as a matter of right.

Wolfenbarger argues on appeal that the trial should not have been held in Kenton County. He does not dispute that Boone Circuit Court had jurisdiction to hear the case, but he argues that the court did not follow the proper procedure for a change of venue. The Commonwealth responds that the defendant knowingly and intelligently agreed to a trial in Kenton County and that he has not properly preserved the issue for review.

Neither the arguments of the defendant nor the Commonwealth are helpful in solving the dilemma created by holding the trial in a county other than the one where the crimes were allegedly committed and where the indictment was returned.

██ Subject matter jurisdiction is concerned with the power of a court to hear and issue a binding decision in particular types of cases. *Gordon v. NKC Hospitals, Inc.*, Ky., 887 S.W.2d 360, 362 (1994); *Karahalios v. Karahalios*, Ky.App., 848 S.W.2d 457, 460 (1993). An argument that subject matter jurisdiction is lacking may be raised for the first time on appeal and cannot be "born of waiver, consent or estoppel." *Karahalios*, 848 S.W.2d at 460 (citing *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970), quoting *In Re Estate of Rougeron*, 17 N.Y.2d 264, 270 N.Y.S.2d 578, 583, 217 N.E.2d 639, 643 (1966)). Since Boone Circuit Court is a court of general jurisdiction, it undoubtedly was authorized to hear and decide the felony charges against Wolfenbarger. KY. CONST. § 112(5); Ky.Rev.Stat. (KRS) 23A.010(1). *See also Bedell v. Commonwealth*, Ky., 870 S.W.2d 779, 781 (1993).

██ Venue, on the other hand, relates to the forum that will hear the particular action. In Wolfenbarger's case the appropriate forum to try an indictment charging crimes committed in Boone County is Boone Circuit Court. KRS 452.510. Venue in criminal prosecutions may be changed if it appears that the accused may not receive a

fair and impartial trial in the county where the crime was committed. KY. CONST. § 11; KRS 452.210. The circuit court has no authority to change venue based upon the convenience of the parties. *Evans v. Commonwealth*, Ky., 645 S.W.2d 346, 347 (1982). While venue in a certain county may be waived by the defendant, KRS 452.650, venue in its usual form is not implicated in this case because this case was never transferred to another court.

■■■■ Although the physical location of Wolfenbarger's trial does not directly involve either subject matter jurisdiction or venue, it does relate to the territorial jurisdiction of Boone Circuit Court. In general, a court is only authorized to act within the geographical boundaries fixed by the statute that grants power to the court to hear a certain class of cases. The Kentucky Constitution has created one Court of Justice for the entire state. KY. CONST. § 109. The Kentucky Supreme Court has construed Section 109 in a case where a district court judge issued a search warrant outside his territorial district. In doing so, the Court said:

> None of these provisions [of the State Constitution], however, implies that any judge's powers and authority are limited to the district in which he or she is elected.... The provisions for a chief judge do evince, of course, an expectation that district and circuit judges will usually and regularly serve within the respective districts or circuits where they are elected, but they are still members of the same court and have equal capacity to act throughout the Commonwealth, *subject to the administrative authority of the respective chief judges and the Chief Justice and subject to the rule-making power of the Supreme Court.*

*Richmond v. Commonwealth*, Ky., 637 S.W.2d 642, 646 (1982) (Emphasis supplied).

The *Richmond* court considered the power of district judges to issue search warrants, a function performed by courts which has *no* explicit statutory origin. The Court noted that the absence of statutorily created authority resulted in "there being no readily discernible territorial restrictions with regard to the exercise of that power." *Richmond*, 637 S.W.2d at 645. However, circuit courts have been explicitly granted authority to conduct criminal trials by the Constitution, by statute, by Supreme Court Rule, and by controlling case law.

The constitutional requirement that a defendant be ensured a fair trial in the geographic location where the crime was committed is contained in KY. CONST. § 11:

> He cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land; and in prosecutions by indictment or information, he shall have a speedy public trial by an impartial jury of the vicinage; but the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth, the change to be made to the most convenient county in which a fair trial can be obtained.

This constitutional provision grants the General Assembly the power to make laws regarding the location of a criminal trial. It has done so by providing in KRS 452.510 that:

> Unless otherwise provided by law, the venue of criminal prosecutions and penal actions is in the county or city in which the offense was committed.

The Rules of Criminal Procedure give a mechanism to a defendant to change venue if it appears that the offense was committed in a county other than the one in which the indictment was returned, Ky. R.Crim. Proc. (RCr) 8.26; and KRS 452.210 allows a change of venue if either the defendant or the Commonwealth cannot obtain a fair trial in the county where the indictment was returned. None of these provisions allow a circuit judge to change venue as a matter of convenience or to try a defendant outside of the county in which the crime was committed. *See Evans, supra* at 347.

Further, Supreme Court Rule (SCR) 1.040(1) specifically delineates the steps that

must be taken before a judge may act outside of his or her circuit or district:

> **Territorial Assignment.** All judicial proceedings at the trial level shall be regularly conducted by the circuit and district judges elected or appointed from the respective circuits or districts in which such proceedings have been filed or are pending. *No judge shall conduct any judicial proceeding,* other than the issuance of warrants, *outside his own circuit or district unless designated by the Chief Justice or by the Chief Judge of an administrative region.* When so designated, a judge conducting proceedings in another circuit or district shall be styled a "special judge." (Emphasis supplied).

The laws and rules discussed above are in accordance with the controlling case law in this jurisdictions which views the territorial boundaries of a circuit to be akin to subject matter jurisdiction:

> To constitute a lawful court, * * * the persons who assume to hold such court and dispense justice must be officially assembled under authority of law, and the court must be held at the appropriate time and place appointed by law therefor. If the person assuming to act as judge was not then invested with judicial authority (that is, with the power of the law to declare and record its mandates), then his acts in attempting so to do are of no consequence whatever, and are void. And if he were fully invested with judicial authority, so as to make his pronouncement of the law effective, still *the time and place of holding the court are equally essential; for, when the law prescribes the time and place for the holding of court, then time and place are as essential limitations of jurisdiction as are subject-matter and parties.*

*Thompson v. Commonwealth,* 266 Ky. 529, 99 S.W.2d 705, 706 (1936), quoting *Hanley v. City of Medford,* 56 Or. 171, 108 P. 188, 190 (1910). (Emphasis supplied.)

This theme—that a court's power is limited geographically—is found repeatedly in other cases. For example, in *Wheeler v. Schul-*

*man,* 165 Ky. 185, 176 S.W. 1017, 1019 (1915), Kentucky's highest court said that:

> The court of the justice of the peace for a magistral district could no more be lawfully held without the territorial limits of such district, than the county, or quarterly, or circuit courts, for one county could be lawfully held in another county.

Other cases to the same effect are *Cox v. Perkins,* 299 Ky. 470, 185 S.W.2d 954, 956 (1945); and *Fort v. Kremer,* 177 Ky. 120, 197 S.W. 538, 539 (1917).

Faced with the whole of authority in this jurisdiction, we view the actions of the circuit court in Wolfenbarger's case as beyond the scope of the powers granted to the court and as an issue that cannot be waived. Therefore, we reverse Wolfenbarger's conviction and remand this case to Boone Circuit Court for a new trial to be held in Boone County.

We reverse Wolfenbarger's conviction reluctantly for a number of reasons. First, Wolfenbarger's trial in St. Elizabeth Hospital South appears to have been solely for the convenience of the defendant as a manner of accommodating his needs. Secondly, Wolfenbarger readily agreed to this procedure, and great pains were taken before the court agreed to move the trial to the hospital to ensure that Wolfenbarger was coherent, capable of understanding the action he was taking, and competent to participate in the proceedings. Finally, we can perceive no prejudice which could have resulted to Wolfenbarger. The judge was a Boone Circuit Court judge, the jury was from Boone County, and the trial itself appears to have been conducted as it would have been had it been held in Boone County. In addition, the trend in case law from other jurisdictions is to hold that the trial of a defendant outside the jurisdiction, especially in the case of an emergency, does not affect the validity of the judgment. *See* Annot., *Place of Holding Sessions of Trial Court as Affecting Validity of its Proceedings,* 18 A.L.R.3d 572 §§ 6[b] & 6[c] (1968), and cases cited therein. Notwithstanding these considerations, we have no choice but to reverse and remand for a

new trial to be held in Boone County confronted as we are with the authorities cited above.

 On remand the court should not allow testimony from the neighbor of Wolfenbarger's ex-wife as to the effect the crime had on her. We would not reverse the judgment because of the admission of this testimony alone, viewing it, as we do, as harmless error. RCr 9.24. However, on remand it should be excluded as irrelevant. Ky. R. Evid. (KRE) 401.

Accordingly, the judgment is reversed and this case is remanded for further proceedings consistent with the views expressed in this opinion.

GARDNER, J., concurs.

COMBS, J., concurs by separate opinion.

COMBS, Judge, concurring:

I reluctantly concur with the reasoning of the majority opinion since the pertinent Supreme Court Rules seem to permit no other outcome of this case. I would reiterate the penultimate paragraph of Judge Huddleston's carefully crafted opinion, citing the many reasons why the errors as to jurisdiction and venue should be deemed harmless under the particular facts of this case. I would urge our Supreme Court to follow the trend of other jurisdictions and to find the error in trying Wolfenbarger in an adjoining county harmless and not serious enough to impugn the validity of the judgment of the trial court.