**Magistrate Sammie ROLAND, Appellant,**

v.

**JEFFERSON COUNTY FISCAL COURT, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1980.

Discretionary Review Denied
June 17, 1980.

Cecil A. Blye, Louisville, for appellant.

J. Bruce Miller, Jefferson County Atty., Richard M. Sullivan, Asst. County Atty., Louisville, for appellee.

Before COOPER, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Magistrate Sammie Roland appeals from a summary judgment in the Jefferson Circuit Court dismissing his complaint. He argues that he is an elected official of Jefferson County who has actively performed some nonjudicial duties, and that he is therefore entitled to the minimum annual compensation of $9,600.00 as set forth in KRS 64.250.

Judge Richard Revell has written a thorough opinion setting forth the facts and the law in this case. We have reviewed the facts, the issues, and the law, and we concur with Judge Revell's opinion. We adopt it in full as the opinion of this court. It reads as follows:

This action involves an interpretation of some clauses of the Kentucky Constitution, as amended by the Judicial Article, and an interpretation of applicable Kentucky Statutes. The basic facts are not in disagreement, the issue rather being one of law.

The plaintiff, Sammie Roland, is a duly elected Magistrate of the Third Magisterial District, Jefferson County, Kentucky, having been elected in the general election held November 8, 1977 and having assumed the office on January 2, 1978.

On or about February 14, 1978 plaintiff, apparently along with the other two magistrates of Jefferson County (of the first and second magisterial District) met with Fiscal Court, requesting that the county provide each magistrate with office space and monthly compensation of $800. The request was refused, precipitating this lawsuit.

In 1974 the General Assembly of Kentucky proposed (by Acts 1974, S.B. 183, Chapter 84) an amendment to the Constitution of Kentucky relating to the Judicial Branch of Government. Said Amendment, known as the Judicial Article inasmuch as it proposed broad changes in the Kentucky judicial system, was in accordance with law submitted to the voters at the general election held in November, 1975, whereupon it was ratified by virtue of the "yes" votes receiving a majority of the votes cast upon said issue.

Among other changes, Magistrates were divested of their judicial functions and replaced by District Courts. Although the effective date of the Constitutional Amendment was January 1, 1976, the provisions affecting Magistrates were delayed until the first Monday in 1978, so as not to affect or interfere with the term of any then elected Justice of the Peace. By Section 124 of the amended Constitution, it is clear that the office was not abolished, that Section stating (in part):

" . . . such amended sections are not intended to repeal those parts of Sections 140 and 142 conferring nonjudicial powers and duties upon county judges and justices of the peace. Nothing in such amended sections shall be construed to limit the powers otherwise granted by this constitution to the county judge as the chief executive, administrative and fiscal officer of the county, or to limit the powers otherwise granted by the constitution to the justices of the peace or county commissioners as executive, administrative and fiscal officers of a county, or of the fiscal court as a governing body of a county."

Subsequent to the adoption of the Constitutional Amendment, the legislature amended KRS 64.250 and 64.530, so that those statutes now read (in part):

"KRS 64.250. Justices of the Peace in counties of over 250,000 population.

(1) In counties containing a population of over 250,000, each justice of the peace shall be exclusively compensated for the performance of the duties of his office by a salary to be determined by the fiscal court at a rate no less than nine thousand six hundred dollars ($9,600) per annum but no greater than twelve thousand dollars ($12,000) per annum, which shall be paid, in equal monthly installments, out of the county treasury." 1976 (Ex. Sess.), Ch. 14, Sec. 31, effective January 2, 1978.

"KRS 64.530. Compensation of county officers and employes, and member of fiscal court.

(1) Except as provided in Subsections (5) and (6) of this section, the fiscal court of each county shall fix the compensation of every county officer and employe except the officers named in KRS 64.535 and the county attorney. The fiscal court may provide a salary for the county attorney.

(2) For the purposes of this section, justices of the peace and constables in all counties shall be deemed to be county officers and deputies or assistants of county officers shall be deemed to be county employes.

(6) Justices of the peace serving on a fiscal court in any county, and county commissioners serving on a fiscal court in any county other than one (1) containing a city of the first, second, third or fourth class, shall be paid for their services, out of the county treasury, not to exceed the maximum compensation allowable under KRS 64.527. The fiscal court shall fix the amount to be received within the above limit, but no change of compensation shall be effective as to any member of a fiscal court during his term of office. The compensation of county commissioners serving on fiscal courts in counties containing a city of the first class shall not exceed nine thousand six hundred dollars ($9,600) per year, in counties containing cities of the second class it shall not exceed nine thousand dollars ($9,000) per year and in counties containing cities of the third or fourth class it shall not exceed twenty percent (20%) more than the annual compensation paid in the county for the calendar year immediately preceding 1974, and all of said annual salaries shall be payable monthly. Justices of the peace and county commissioners shall not receive any compensation for their services on the fiscal court, other than as provided by this section; nor shall they receive any compensation for serving on committees of the fiscal court. The fiscal court shall fix the amount to be received within the above limit, but no change of compensation except as provid-

ed in KRS 64.285 shall be effective as to any member of a fiscal court during his term of office."

At first blush it may appear the plaintiff is entitled to a salary under one or the other of the foregoing statutes. However, Jefferson County utilizes the Commissioner form of county government, hence KRS 64.530 is not applicable at the present time. It would no doubt be applicable should Jefferson County decide to replace commissioners on Fiscal Court with magistrates. As for KRS 64.250, the court has serious doubts as to its validity under the factual situation. The problem pure and simple is that Magistrates not serving on a fiscal court have little or no public compensable duties at this time. Granted there are some non judicial duties which Magistrates *can* perform, as pointed out in plaintiff's memorandum—but none that Magistrates *are* performing at this time.

As pointed out by defendants in their memorandum and by the Attorney General in OAG 77–133, Section 3 of the Kentucky Constitution and KRS 64.410(2)(c) prohibit the payment of public funds except for the actual performance of public services. KRS 64.250 does not permit Fiscal Court to adjust a salary to a scale under $9,600; it mandates Fiscal Court to set a salary at a rate no less than $9,600 but no greater than $12,000. This same problem was faced in *Wilson v. Garner*, Ky., 516 S.W.2d 333 (1974), wherein the Court held that a pre set salary for Magistrates based upon duties of which there was no expectation of performing upon a regular basis was not valid. That appears applicable here. Jefferson County Fiscal Court says it cannot justify paying *at least* $9,600 to each of its three justices of the peace based upon the present absence of public services performed by them. Hence the solution appears to be for the Magistrates to request the Kentucky Legislature to either increase the duties of those not serving on a Fiscal Court, or in the alternative for Fiscal Court to be permitted to establish a salary below $9,600 in line with services actually performed. In approaching the General Assembly, plain-

tiff might remind the representatives that if they intend to retain statutory duties to be carried out by justices of the peace, the general assembly must provide the means, time and place for the exercise of that jurisdiction. See *Wheeler v. Schulman,* 165 Ky. 185, 176 S.W. 1017 (1915); and that creating a legal hurdle by inconsistently providing too large a salary for too few duties would not appear to be a proper solution to the problem. In other words, this court does not mean to imply and does not hold that plaintiff is entitled to no salary; only that plaintiff has not shown that Jefferson County Fiscal Court abused its discretion in denying plaintiff's request for an annual salary of $9,600.

In passing, the court observes that plaintiff in his memorandum commented the Legislature cannot strip a constitutional office of its rights and powers. The court would remind plaintiff that the Legislature did not effectuate the changes in the office here discussed. Those changes of course were a part of the Constitutional Amendment ratified by the voters of Kentucky, as is permissible; and the cases cited by plaintiff are thus inapplicable on that point.

Based upon the foregoing, defendants' motion for summary judgment should be sustained.

Both parties had moved for summary judgment, but on the basis of the foregoing opinion, Judge Revell granted judgment in favor of the defendant-appellee, Jefferson County Fiscal Court. We affirm that judgment.

All concur.