Steve WALLACE, Appellant,

v.

Charlene KING, Individually and as County Judge–Executive of Clinton County, Kentucky; James F. Polston, Individually and as Magistrate of Clinton County Fiscal Court; Norman D. Asberry, Individually and as Magistrate of Clinton County Fiscal Court; Lester Wallace, Individually and as Magistrate of Clinton County Fiscal Court; Lester Wallace, Individually and as Magistrate of Clinton County Fiscal Court; Marvin Hay, Individually and as Magistrate of Clinton County Fiscal Court; Charlie Stearns, Individually and as Magistrate of Clinton County Fiscal Court; Carl Guffey, Individually and as Magistrate of Clinton County Fiscal Court; and County of Clinton, Appellees.

No. 97–CA–0095–MR.

Court of Appeals of Kentucky.

July 17, 1998.

Robert L. Wilson, Jamestown, for appellant.

R. Allen Button, Louisville, for appellees.

Before GUDGEL, C.J., and COMBS and HUDDLESTON, JJ.

## *OPINION*

COMBS, Judge.

The appellant, Steve Wallace, appeals from a judgment of the Clinton Circuit Court. He alleges that his salary as jailer had been unlawfully reduced during his term of office and claims that he is entitled to a salary of $26,600 according to the provisions of KRS 441.245(4). Finding that the Clinton Circuit Court failed to apply the plain meaning of KRS 441.245(4), we vacate and remand.

On May 27, 1993, the Clinton County Fiscal Court reduced the salary for the office of jailer from $26,600 to $15,000. Elected as the new jailer in November of 1993, Wallace began his duties on the first Monday in January, 1994. He was paid according to the $15,000 rate for January. On February 17, 1994, the Fiscal Court reinstated the appellant's salary to $26,600. However, on October 20, 1994, the Fiscal Court again reduced the appellant's salary—this time to $12,000—when Clinton County discontinued operation of the jail. Wallace filed his complaint on May 25, 1995, alleging that he was entitled to the original salary of $26,600. On September 12, 1996, the Clinton Circuit Court ruled that he was entitled to a salary of $15,000. The Court denied the appellees' motion to dismiss and continued the matter for additional proceedings to determine the difference in compensation that Wallace was entitled to receive. The parties stipulated the amount owed to Wallace, and the Clinton Circuit

Court decreed the Order of September 12, 1996, to be a final and appealable judgment as of December 12, 1996. This appeal followed.

Alleging that he is entitled to a salary of $26,600, Wallace relies on KRS 64.530(4), which requires a fiscal court to fix the salary of an elected official no later than the first Monday in May in the year in which the officer is elected. KRS 64.730 holds that if a fiscal court fails to act according to this timeframe, the compensation of the officer must be the same as it had been for the preceding term. The appellant was elected in November, 1993; the Clinton Fiscal Court acted on May 27, 1993, to reduce his salary from $26,600 to $15,000—well past the "first Monday in May." Appellant alleges, therefore, that according to the plain meaning of KRS 64.530(4), he is entitled to $26,600, the salary of the jailer serving in the preceding term.

■ Appellant's reliance on KRS Chapter 64 is misplaced since that chapter does not pertain to the office of jailer. KRS 64.530(1) specifically *excepts* the office of jailer as follows:

> (1) *Except* as provided in subsections (5) and (6) of this section, the fiscal court of each county shall fix the compensation of every county officer and employee *except* the officers named in KRS 64.535 and the county attorney and *jailer*. The fiscal court may provide a salary for the county attorney. (Emphasis added.)

KRS 64.530 does not apply to the setting of a jailer's salary. We are persuaded by the well-reasoned summary and analysis contained in the opinion of the Attorney General on this issue:

> KRS 64.530 was amended by chapter 385, section 22, of the 1982 Acts of the General Assembly. In that amendment the words "and jailer" were added to subsection 1. The wording of subsection 4 that we have quoted above has existed unchanged since 1974.

OAG. 93–42. Therefore, subsection 1, the more recent amendment, when read in conjunction with subsection 4, provides relief for appellant.

Of more significance to this case is KRS Chapter 441, legislation governing the administration of jails, which was adopted in 1984. KRS 441.245(4) specifically addresses the issue of the jailer's salary and applies the rationale of KRS 64.530(4) in this context as follows:

> Except as provided in subsection (5) of this section, the jailer's compensation for 1983 and subsequent years shall equal the prior year's compensation and may be adjusted by the fiscal court for the change in the prior year's consumer price index.

The plain meaning of this statute mandates that the jailer's salary remain the same from year to year—allowing an adjustment solely to accommodate the change in the consumer price index:

> [w]hen the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written.

*McCracken County Fiscal Court v. Graves,* Ky., 885 S.W.2d 307, 309 (1994) (quoting *Lincoln County Fiscal Court v. Dept. of Public Advocacy,* Ky., 794 S.W.2d 162, 163 (1990)). In this case, the jailer's salary was $26,600 for the previous year; therefore, it must remain at $26,600.

■ The Clinton Circuit Court held that the specific and more recent provisions of KRS 441.245 take precedence over the more general and older provisions of KRS 64.530. We agree and hold that the court correctly construed KRS 441.245 as the controlling authority in lieu of KRS 64.530.

The court additionally reasoned that in determining the jailer's salary, the fiscal court was acting in compliance with KRS 68.240, which mandates that a fiscal court adopt a budget by June 1 of each year. Included in this budget is the funding of all jail operations—one of which is the jailer's salary. Reading this budget statute in conjunction with KRS 441.245(1) ("The jailer shall receive a monthly salary from the county jail operating budget"), the trial court held that the reduction of the jailer's salary from $26,600 to $15,000 on May 27, 1993, was a legal reduction since it had occurred prior to June 1, and, more significantly, prior to his

commencement of his term of office. However, cognizant that the Kentucky Constitution at Section 161 forbids changing the compensation of a county officer after his election (or appointment) *or during* his term of office, the court found the attempted reduction of salary to $12,000 on October 20, 1994, to be illegal, unconstitutional, and ineffective.

We readily agree with the trial court as to the reduction of October 20, 1994—ten months into the term of office—as obviously violative of Section 161 of the Kentucky Constitution. A closer question is whether the alteration of the salary to $15,000 occurring on May 27, 1993, was indeed a legal reduction. We fully agree with the observation made by the trial court early in its opinion and order: "Because of the confusing statutes and state constitutional provisions, the matter is not as simple as it seemingly should be."

On its face, KRS 441.245(4) mandatorily directs that 1983 was the "bellwether" year to determine a jailer's salary. There is neither equivocation nor ambiguity in the language dictating that whatever sum was the jailer's salary in 1983 should continue thereafter—with the only change permitted consisting of an upward escalation to allow for inflation in reference to the consumer price index. Regardless of political motives perhaps intimated by the timing in the salary reduction on May 27, 1993 (two days after the appellant's victory in the primary election), the undisputed fact remains that the fiscal court had no legitimate basis for cutting the salary. The only decrease is provided at subsection (5) of the statute:

> Effective January 6, 1986, the salary for jailers in any county where there is no jail and the jailer does not transport prisoners shall be twelve thousand dollars ($12,000) per year.

In this case, the jail had not been eliminated as of the date of the initial salary reduction; it remained in existence during the early portion of appellant's term of office. We hold that the fact that the jail was eliminated during the jailer's term of office did not entitle the fiscal court to lower his salary. We agree that the $12,000 salary set by KRS 441.245(5) would govern the term of office of the *next* jailer. However, KRS 441.245(4), when harmonized with Section 161 of the Kentucky Constitution, forbids the salary reduction that occurred in this case.

> The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed.

Kentucky Constitution, § 161. Thus, even though his duties as jailer were modified after he assumed office, appellant's compensation could not be reduced during his tenure.

In summary, we hold that the appellant is entitled to a salary of $26,600 according to the plain meaning of KRS 441.245(4), which specifically governs a jailer's salary. We vacate and remand for a determination of the difference in compensation to which the appellant is entitled.

All concur.