**Darryl T. OWENS, Jefferson County Commissioner, Appellant,**

v.

**Irv MAZE, Jefferson County Attorney; Ronald Crimm, Bradley R. Hume, Patrick Spradling, William Stone and Matthew White, Appellees.**

No. 2002–CA–000771–MR.

Court of Appeals of Kentucky.

May 9, 2003.

Rehearing Denied Aug. 15, 2003.

Discretionary Review Denied by Supreme Court May 12, 2004.

Frank F. Chuppe, Richard Northern, Frank W. Burke, Wyatt, Tarrant & Combs, LLP, Louisville, for Appellant.

Sheryl G. Snyder, Amy D. Cubbage, David S. Kaplan, Frost Brown Todd LLC, Louisville, for Appellees, Ronald E. Crimm, William Stone, Bradley R. Hume, Patrick Spradling and Matthew White.

Before: COMBS, KNOPF, and TACKETT, Judges.

*OPINION*

TACKETT, Judge:

Darryl Owens appeals from the judgment of the Jefferson Circuit Court, which entered summary judgment in favor of Appellees Irv Maze and others, in Owens' action for declaratory judgment regarding the question of whether he would be entitled to receive his salary as county commissioner after the duties of the office are transferred to the new Jefferson County merged government at the beginning of 2003. Owens argued that the Kentucky Constitution, Section 161, prohibited the county from eliminating his salary, even though all of his duties were transferred to the new government. The circuit court held that the Kentucky Constitution, Sections 3 and 171, prohibited the payment of public funds except for the performance of actual duties, Section 161 notwithstanding, and that Owens was not due a salary after

the merged government took effect in 2003. After careful review of the applicable law, we disagree and reverse.

In November 2000, Owens was elected as a Jefferson County Commissioner, with a term scheduled to expire on January 1, 2005. However, the voters of Jefferson County subsequently elected to adopt an urban county or merged government, which was scheduled to begin operation on January 6, 2003. Appellee Maze issued an advisory opinion stating that it would be appropriate for the commissioners to seek a declaratory judgment on the issue of whether they would be entitled to their salaries after the merged government took effect. Owens, and another commissioner, Dolores Delahanty, filed this action in the circuit court, arguing that Section 161 prohibited changing their compensation during their term of office. A group of taxpayers intervened in the action, and argued that Sections 3 and 171 prohibited the use of public funds to pay the salary of one who has no public duties, since the General Assembly transferred all the powers of the Fiscal Court to the new government. The circuit court held that the General Assembly was authorized to transfer all the duties from the Fiscal Court and vest it in the new government, and that therefore the Constitution prohibited the continued payment of the commissioners' salaries after the effective date of the merged government. Owens [1] appealed from the circuit court's decision; Delahanty did not.

On appeal, Owens argues that the case of *Wallace v. King*, Ky.App., 973 S.W.2d 485 (1998) applies to this action, and that this Court should follow the holding in *Wallace* and hold that the Constitution prohibits a reduction in Owens' salary even though his duties have been transferred to the new metro council. The Appellees respond that the constitution forbids the payment of public funds except for the performance of actual duties, and that the "antiquated" constitution should not be interpreted in such a way as to frustrate the will of the voters to adopt a new form of government.

Section 161 reads, "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office." Section 235, also relied upon by Owens, reads, "The salaries of public officers shall not be changed during the term for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties." Owens argues that these provisions, read together, prohibit the elimination of his salary until his term expires. In *Wallace v. King, supra,* on which Owens also relies, the salary of the Clinton County jailer was reduced after Clinton County ceased operating its own jail and began to use a regional jail located in another county. The county wanted to change the jailer's salary to a lower statutory tier, for counties that do not maintain a jail facility, during the jailer's term of office. This Court held the county's action impermissible under Section 161, above, and stated that the reduction was "obviously violative" of the constitution.

Although Owens insists that *Wallace* is directly on point, it is not; *Wallace* involved a situation where an office was not effectively abolished, and the jailer still had duties in transporting prisoners to and from the regional jail. *Wallace* also involved a two-tiered system for compensation of jailers, with a lower tier for coun-

---

1. It was disclosed at the oral argument of this case that Commissioner Owens had resigned effective March 1, 2003, but was seeking his salary for January and February, 2003.

ties that do not maintain a jail. However, we are not of the opinion, contrary to Appellees' urging, that *Wallace* is without precedential value in this case. It serves as a recent affirmation by the courts of this Commonwealth that Section 161 unambiguously prohibits the reduction of a public official's salary during his term of office.[2]

Appellees insist that the General Assembly is empowered to modify or abolish local governmental units entirely, and that a long line of cases have held that Section 161 is no bar to eliminating the compensation of officials who no longer have duties. Citing *Board of Aldermen of City of Ashland v. Hunt*, 284 Ky. 720, 145 S.W.2d 814 (1940); *City of Somerset v. Caylor*, Ky., 241 S.W.2d 990 (1951); and *Gilbert v. City of Paducah*, 115 Ky. 160, 72 S.W. 816 (1903), the Appellees argue that there is precedent for the elimination of an official's salary when that official's duties are taken away. Quoting *Gilbert*, the Appellees argue that

> If the legislature abolishes a municipal corporation, the rights of its officers cease with its existence, for they take their offices subject to the power vested in the Legislature to abolish them, when such power exists. Although it is provided in Section 161 of the Constitution that the compensation of no municipal officer shall be changed after his election or during his term of office, this section must be read in connection with Section 156, and does not impair the power of the Legislature to abolish the municipality or abolish the office by assigning the city to a different class, which is, in effect, to create a new municipal entity.

*Id.* at 818. Thus, Appellees contend that the Constitution is no bar to the elimination of Owens' salary, arguing that he took office subject to the General Assembly's power to abolish that office. However, the Appellees' logic is critically flawed in one respect: all the cases relied on by the Appellees concern municipal offices, which the Constitution specifically states, in Section 156, that the General Assembly "may provide for the creation, alteration of boundaries, consolidation, merger, dissolution, government, functions and officers of cities." The case at bar, on the other hand, involves a county office created by the Constitution itself in Section 144, a commissioner of the fiscal court, which the General Assembly does not have the power to abolish entirely. *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1974). The cases cited by Appellees have no application to this matter, because they concern the compensation of municipal officers, and the Constitution specifically vests the power to change or eliminate the position of a municipal officer in the General Assembly, which it does not in the case of a county commissioner.

The circuit court in this case looked to *Holsclaw, supra,* for guidance. "Although the fiscal court cannot be abolished because to do so would run afoul of the express provision of Section 144 of the Constitution, the duties of the fiscal court are established by statute, not the Constitution, and those duties can be limited in application only to those counties which have not adopted urban county government." *Id.* at 474. The court then further quoted, "As a general proposition what the legislature can give the legislature can take away." *Id.* at 474 n. 2. However, a careful reading of *Holsclaw* also further

---

**2.** *Wallace* also reaffirms the venerable case of *James v. Duffy*, 140 Ky. 604, 131 S.W. 489, 490 (1910), which stated that Section 161 "admits ... no exceptions" and "affords no opportunity for evasion by the Legislature or other body."

explains: "This, however, is subject to the limitation that the office may not be stripped all duties and rights so as to leave it an empty shell, for, obviously, as the legislature cannot abolish the office directly, it cannot do so indirectly by depriving the incumbent of all his substantial prerogatives or by practically preventing him from discharging the substantial things appertaining to the office." *Id.*, quoting *Johnson v. Commonwealth*, 291 Ky. 829, 165 S.W.2d 820 (1942). The *Holsclaw* court went on to note that the Fiscal Court of Fayette County retained several rights and duties. Although the vast majority of its powers were transferred to the new merged government, those powers that were retained by the Fiscal Court "are sufficient to prevent our holding that the office is reduced to a hollow shell." *Id.* We must, then, interpret *Holsclaw* differently than the circuit court, which appeared to regard that case as an approval for the total effective abolition of the office of county commissioner. *Holsclaw* simply stops short of that proposition.

The circuit court also relied on *Roland v. Jefferson County Fiscal Court*, Ky.App., 599 S.W.2d 469 (1980), in deciding that Section 3 prohibits the payment of public funds to an official who has no duties. That case is distinguishable because it involved a magistrate whose duties were eliminated by Constitutional amendment, rather than by legislative act. There were some duties that the magistrate could perform, if and only if the magistrates served on the Fiscal Court. This Court held that the magistrates in that case had no duties that could be performed, and as such were not entitled to compensation. That case is different from this one in that the duties of the magistrate were eliminated by a change in the Constitution itself, and not by legislation. Reliance on *Roland* is therefore misplaced.

Owens does not challenge the reduction of his duties by the merger, so the question of the legality of the total abolition of the duties of the fiscal court is not properly before us. We are considering only the reduction in the salary of an official during his term of office to which he was duly elected. In as much as this is a constitutionally created office that the General Assembly does not have the power to completely abolish, we must conclude that Section 161 controls this case and that Owens' compensation may not be reduced during his term of office.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed.

ALL CONCUR.